UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN ANCTIL, et al., | ) |
| Plaintiffs, | ) **Civil Action No. 12-CV-8572** |
| v. | ) Hon. Cathy Seibel |
| ALLY FINANCIAL, INC., et al., | ) |
| Defendants. | ) |

**DEFENDANTS MORTGAGEIT, INC. AND DEUTSCHE BANK, AG'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR INDIVIDUAL MOTION TO
DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

DAY PITNEY LLP
7 Times Square
New York, NY 10036
T: 212-297-2466
F: 212-881-9042
*Attorneys for Defendants MortgageIT, Inc.
and Deutsche Bank, AG*

84797383.6

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT ..........................................................................................................................2

    I.    Plaintiffs' Claims Against The MortgageIT Defendants Fail Because The MortgageIT Defendants Had No Role In The Alleged Foreclosure Activities......................................2

        A.    Plaintiffs Make No Specific Allegations Relating To Any Origination-Related Activities Of The MortgageIT Defendants................................................................2

        B.    The Documentary Evidence Demonstrates That MortgageIT Had No Involvement With The Foreclosure Of The Loans Described In The Amended Complaint..............2

    II.    DB AG Has No Liability As The Mere Parent Of MortgageIT. ......................................3

CONCLUSION.......................................................................................................................6

Defendants Deutsche Bank, AG ("DB AG") and MortgageIT, Inc. ("MortgageIT" and, together with DB AG, the "MortgageIT Defendants"), by and through their undersigned counsel, hereby submit this Memorandum of Law in support of their individual Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Amended Complaint" or "SAC").[1]

## INTRODUCTION

Plaintiffs' claims in the Amended Complaint fail as a matter of law for the numerous reasons described in Defendants' Joint Motion to Dismiss Plaintiffs' Second Amended Complaint. In addition, Plaintiffs' claims against the MortgageIT Defendants fail because (1) the documentary evidence shows that MortgageIT acted only as the originator of two of the mortgage loans referred to in the Amended Complaint and had no role in the foreclosure of any of the mortgage loans described in the Amended Complaint, and (2) Plaintiffs do not allege any wrongdoing by DB AG; instead they merely assert that DB AG is liable for activities of MortgageIT and/or Deutsche Bank National Trust Company ("DBNTC") as their parent company (which assertion itself fails as a matter of law).

Accordingly, the Court should dismiss the Amended Complaint as against the MortgageIT Defendants.

---

[1] The MortgageIT Defendants also adopt and incorporate by reference the arguments submitted by the defendants in connection with the Joint Motion to Dismiss. This individual Motion to Dismiss merely highlights some of the arguments as specifically applicable to the MortgageIT Defendants.

## ARGUMENT

**I.    Plaintiffs' Claims Against The MortgageIT Defendants Fail Because The MortgageIT Defendants Had No Role In The Alleged Foreclosure Activities.**

    A.    <u>Plaintiffs Make No Specific Allegations Relating To Any Origination-Related Activities Of The MortgageIT Defendants.</u>

Plaintiffs' Amended Complaint exclusively raises claims as to foreclosure activities, with the possible exception of a single statement that alleges that the subject mortgages were each "designed to be of short duration" – an unsupported allegation based solely on the assertion that the mortgages described in the action were foreclosed upon, on average, within approximately three years following the origination of the loans.  (SAC ¶¶ 109, 138.)[2]  This conclusory allegation is clearly insufficient to satisfy the pleading requirement that a complaint contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).  In fact, Plaintiffs do not dispute that they defaulted on their loans in that "short" time period, which resulted in the foreclosures now being questioned.  Thus, the Amended Complaint includes no specific allegations relating to any origination-related activities, leaving alleged foreclosure-related wrongdoing as Plaintiffs' only allegations against the MortgageIT Defendants.

    B.    <u>The Documentary Evidence Demonstrates That MortgageIT Had No Involvement With The Foreclosure Of The Loans Described In The Amended Complaint.</u>

In their Amended Complaint, Plaintiffs identify MortgageIT as being "involved" only "in a mortgage or foreclosure proceedings [sic] relating to Sandra Lapidez and John Lopes."  (SAC ¶ 47.)  Plaintiffs' claims against the MortgageIT Defendants, based on MortgageIT's supposed involvement in such "foreclosure proceedings," fail because the documentary evidence clearly

---

[2] Plaintiffs do not identify any causal factor tying the "duration" of the mortgages to the alleged "design" of the defendants to have the Plaintiffs default on their loans within a few years, except to state that the mortgages' "brevity … reflects a pattern of coordinated, related and continued activity in furtherance of the defendants' fraudulent scheme."  (SAC ¶ 139.)

-2-

establishes that MortgageIT had no role in the foreclosure proceedings with respect to the Lapidez and Lopes loans.  Specifically, the publicly-recorded documentary evidence demonstrates that it was not MortgageIT but, rather, a subsequent owner of the loans – Wells Fargo Bank, N.A.  – that filed the foreclosure complaints and issued the foreclosure deeds with respect to  the Lapidez and Lopes loans.  (*See* Declaration of Michael A. Weiss dated June 20, 2013, ¶¶ 3-8, Exs. B, C, E, F.)

There can be no question, therefore, that the claims brought by those borrowers against MortgageIT (and DB AG, as its parent) should be dismissed.  *See, e.g., Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)."); *Beng Soon Lim v. Harvest Int'l Realty, Inc.,* No. 08-CV-3505, 2009 U.S. Dist. LEXIS 109389, at *19-20 (E.D.N.Y. Nov. 23, 2009) (granting motion to dismiss based, in part, on "the publicly recorded deed of the premises").

## II.     DB AG Has No Liability As The Mere Parent Of MortgageIT or DBNTC.

In their Amended Complaint, Plaintiffs identify no wrongdoing or actions whatsoever by DB AG, but merely attempt to ascribe liability to it as "the ultimate parent company of MortgageIT" and DBNTC.  (SAC ¶ 47.)

Plaintiffs' claims against DB AG fail because Plaintiffs do not allege any basis for the Court to pierce the "corporate veil" and thereby hold DB AG liable for the alleged acts of MortgageIT or DBNTC.   "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation marks and citation omitted).  "Disregard of the corporate form is warranted only in 'extraordinary circumstances,' and conclusory allegations of dominance and control will not suffice to defeat a

motion to dismiss." *Société d'Assurance de l'Est SPRL v. Citigroup, Inc.*, No. 10-Civ-4754 , 2011 U.S. Dist. LEXIS 103375, at *14-15 (S.D.N.Y. Sept. 13, 2011) (citing *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 511-12 (S.D.N.Y. 2005)); *see also, e.g., McCloud v. Bettcher Indus., Inc.*, 935 N.Y.S.2d 815, 816 (App. Div. 4th Dep't 2011) ("It is well settled that 'liability can never be predicated solely upon the fact of a parent corporation's ownership of a controlling interest in the shares of its subsidiary.'") (citations omitted).

In *Société d'Assurance*, certain plaintiffs brought a breach of contract claim against Citigroup Congo S.A.R.L. ("CitiCongo"), its parent, Citibank, and Citibank's parent, Citigroup. The plaintiffs sought to pierce the corporate veil with respect to Citigroup and Citibank, alleging, among other things:

- "Citigroup Congo was formed by Citigroup and Citibank for the sole purpose of seeking to limit its liability for and carrying out its illegal activities in the DR-Congo" (2011 U.S. Dist. LEXIS 103375, at *16);

- "Citigroup Congo has 'no independence in its operations and operates[] under the direct dominion and control of Defendants Citigroup and Citibank'" (*id.*);

- "Citigroup Congo is 'a shield by which Citigroup and Citibank seek to deflect liability,' in misuse of the corporate form" (*id.*);

- "Citigroup Congo took the actions that underlie the plaintiffs' claims 'at the behest of,' 'on the authority of,' or 'at the direction of' Citigroup and Citibank" (*id.*); and

- "Citibank operates its foreign offices as if they were branches" (*id.*).

The court in that case found the plaintiffs' allegations to be "bare assertions, offered without support or elaboration" and "entitled to no weight." *Id.*  Further, the Court stated:

> Notably, [the plaintiffs] do not allege that Citigroup Congo failed to observe corporate formalities; that it was inadequately capitalized; that its funds or property were intermingled with those of Citibank; that it did not have discretion to carry out its corporate affairs, that it did not transact with Citibank at arms' length; that Citibank paid or guaranteed its debts; or any of the other factors that might warrant a finding that Citigroup Congo was a mere alter

>   ego of Citibank, and that its corporate form should thus be disregarded.

*Id.* at *17. Accordingly, the court granted Citigroup and Citibank's motion to dismiss. *Id.* at *24-25.

In this action, Plaintiffs seek to pierce the corporate veils of MortgageIT and DBNTC based on far less than the allegations rejected by the court in *Société d'Assurance*. Indeed, Plaintiffs' veil-piercing theory is based on the conclusory allegation that DB AG "exercised dominion" over MortgageIT and DBNTC. (*See* SAC ¶¶ 47, 194-96.) Plaintiffs' specific allegations as to DB AG's "dominion" over its subsidiaries are only that it "lists DBTNC's address as one of Deutsche Bank's California office locations," that "the phone number provided as Deutsche Bank's contact for mortgage-backed securities is DBNTC's phone number," that "DBNTC and Deutsche Bank share the same telephone number area code and initial four-number exchange," and that, "[o]n the FDIC website, [Deutsche Bank Trust Company]'s corporate website is listed as Deutsche Bank's website." (SAC ¶ 194(b).) Plaintiffs do not make any specific allegations whatsoever regarding DB AG's "dominion" over MortgageIT, relying only on a generalized allegation that "both DBNTC and MortgageIT engaged in a pattern of conduct in furtherance of defendants' fraudulent scheme." (*Id.*) As in *Société d'Assurance*, these "bare assertions" should not be afforded any weight.

Moreover, as in *Société d'Assurance*, Plaintiffs do not allege any facts to demonstrate that corporate formalities have been ignored, that MortgageIT or DBNTC was inadequately capitalized, funds or property were intermingled, or any of the other facts that might warrant a finding that MortgageIT or DBNTC was a mere alter ego of DB AG.

Accordingly, because Plaintiffs have failed to demonstrate the "extraordinary circumstances" necessary to disregard corporate form, Plaintiffs' claims against DB AG should be dismissed in their entirety and with prejudice.

## CONCLUSION

For these reasons, the MortgageIT Defendants respectfully request that the Court grant their Motion to Dismiss all claims in the Second Amended Complaint with prejudice.

Dated: June 20, 2013                    Respectfully submitted,


/s/ Joy Harmon Sperling
Joy Harmon Sperling (JS-2005)
jsperling@daypitney.com
Michael A. Weiss (MW-5758)
mweiss@daypitney.com

Day Pitney LLP
7 Times Square
New York, New York 10036
Phone:  (212) 297-2466
Facsimile: (212) 881-9042

*Attorneys for Defendants MortgageIT, Inc. and Deutsche Bank, AG*

-6-

84797383.6

## CERTIFICATE OF SERVICE

    I, Joy Harmon Sperling, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on June 20, 2013.

                                                             /s/ Joy Harmon Sperling
                                                             Joy Harmon Sperling