**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X

JOHN ANCTIL, et al.,                                          :

                                                             :   ECF Case

                       Plaintiffs,             :

                                                             :   Case No. 7:12-cv-08572 (CS)

        -against-                                   :

                                                             :

                                                             :

ALLY FINANCIAL, INC., et al.,                                :

                                                             :

                   Defendants.              :

---------------------------------------------------------- X

**SUPPLEMENTAL MEMORANDUM OF LAW BY**
**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY**
**IN FURTHER SUPPORT OF DEFENDANTS'**
**JOINT MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Michael S. Kraut
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 309-6000
mkraut@morganlewis.com
*Attorneys for Defendant*
*Deutsche Bank National Trust Company*

## PRELIMINARY STATEMENT

Defendant Deutsche Bank National Trust Company ("DBNTC") submits this

supplemental memorandum in support of Defendants' Joint Motion to Dismiss Plaintiffs' Second

Amended Complaint (the "SAC") for failure to state a claim.

The SAC asserts four claims against DBNTC,[1] all of which should be dismissed for

reasons set forth in Defendants' Joint Motion to Dismiss Plaintiffs' Second Amended Complaint

(the "Joint Memorandum") (filed contemporaneously with this memorandum), namely that:

- Plaintiffs' claims are barred by the Rooker-Feldman doctrine, res judicata, and collateral estoppel;
- Plaintiffs' claims are barred by the applicable statutes of limitations;
- Plaintiffs fail to allege that any foreclosure judgment was wrongful or procured by fraud;
- Plaintiffs fail to plead a cognizable "enterprise" or predicate act that qualifies as "racketeering activity" under the RICO statute;
- Plaintiffs fail to comply with the prerequisites to suing under Mass. Gen. Laws ch. 93A; and
- Plaintiffs fail to plead the elements of common law fraud with sufficient particularity.

If the Court determines that Plaintiffs have sufficiently stated a claim against DBNTC,

the Court nevertheless should dismiss all claims against DBNTC in all capacities except in its

trustee capacity for reasons set forth herein.

## FACTS

Plaintiffs do not even attempt to link DBNTC to 26 of the 28 loans at issue in this case.

With respect to the remaining two loans, Plaintiffs plead very little, alleging vaguely that

DBNTC "was involved in a mortgage or foreclosure proceedings relating to Martin and Janice

---

[1]  The four claims pled against DBNTC are: First Claim, Violation of Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c); Ninth Claim, Violation of RICO, 18 U.S.C. § 1962(a); Twelfth Claim, Violation of the Consumer Protection Act, Massachusetts General Laws, Chapter 93A; and Thirteenth Claim, Common Law Fraud - Massachusetts.

Hogan and Mary Jones."  SAC, ¶ 48.  Documents referenced in the SAC evidence that DBNTC's connections to the Hogan and Jones loans were solely as trustee for residential mortgage-backed securitization ("RMBS") trusts that held their loans, (the "Trusts").   Declaration of Michael S. Kraut dated June 20, 2013 ("Kraut Decl."), Exs. A, B.  Given the limited role played by RMBS trustees, Plaintiffs do not—and could not—allege that DBNTC originated or serviced the Hogan or Jones loans and, specifically, that DBNTC initiated or managed the foreclosure of their loans.[2]

As to the substance of the SAC, Plaintiffs cast the unremarkable allegation that DBNTC—or a servicer for the RMBS trust that held one of the loans—"deposited or caused to be deposited" certain mortgage-related documents in the mail.  SAC, ¶ 162 (table at 41).  Plaintiffs also allege that DBNTC was a defendant in the Hogan and Jones foreclosure matters (SAC, ¶ 138 (table)), and that DBNTC, and other defendants, were "engaged in trade or commerce within the meaning of M.G.L. c. 93A § 1." SAC, ¶ 341.  The *only* other references in the 88-page, 370-paragraph SAC specific to DBNTC allege—albeit incorrectly—the "Deutsche Bank" corporate structure.  SAC, ¶¶ 48, 194(b), and 312.

---

[2]    As explained in one treatise:

> [S]ervicers are responsible for enforcing the terms of a defaulted securitized loan. This responsibility may include: (1) foreclosing on the property and/or in a commercial context pursuing other related remedies such as exercising an assignment of leases and rents, appointing a receiver of rents, etc.; or (2) agreeing with the borrower to "work out" the loan default by modifying the terms of the loan or forbearing from exercising certain remedies in order to allow the borrower an opportunity to cure the underlying default.

Talcott Franklin & Thomas Nealon III, *Mort. & Asset Backed Sec. Litig. Handbook* § 5:106 (2011).  For an explanation of the role played by RMBS trustees, see American Bankers Association, *Corporate Trust Committee, The Trustee's Role in Asset-Backed Securities* (Nov. 9, 2010), *available at* http://www.aba.com/aba/documents/press/RoleoftheTrusteeinAsset-BackedSecuritiesJuly2010.pdf.

**PLAINTIFFS LACK STANDING TO ASSERT CLAIMS AGAINST
DBNTC IN ANY CAPACITY OTHER THAN ITS TRUSTEE CAPACITY**

Plaintiffs name "Deutsche Bank National Trust Company" as a defendant in the SAC without specifying whether they are suing DBNTC in its individual capacity or in its legally distinct trustee capacity.  However, documents referenced in the SAC evidence only a connection between any plaintiff and DBNTC through DBNTC's role as an RMBS trustee for the Trusts.  Kraut Decl., Exs. A, B.  Moreover, the signature pages for agreements that define DBNTC's role as RMBS trustee demonstrate that DBNTC executed those agreements as "DEUTSCHE BANK NATIONAL TRUST COMPANY, solely as Trustee and not in its individual capacity" and "DEUTSCHE BANK NATIONAL TRUST COMPANY, not in its individual capacity but solely as Indenture Trustee."[3]  Importantly, Plaintiffs fail to allege any connection whatsoever between any Plaintiff and DBNTC in its individual capacity.  Accordingly, to the extent that Plaintiffs seek to assert claims against DBNTC in any capacity other than in its capacity as trustee for the Trusts, they lack standing to do so.[4]

It is well-settled that trustees have separate identities when they are sued in their individual capacity versus their trustee capacity.  *See City of Cincinnati v. Deutsche Bank Nat'l Trust Co.*, No. 1:12-cv-104, 2012 WL 4829372, at *2-4 (S.D. Ohio Oct. 10, 2012).  Numerous

---

[3] *See* Pooling and Servicing Agreement for the First Franklin Mortgage Loan Trust 2006-FF3, *available at* http://www.sec.gov/Archives/edgar/data/1349848/000091412106000609/gs888973-ex4.txt; Indenture for the Aames Mortgage Investment Trust 2005-1, *available at* http://www.sec.gov/Archives/edgar/data/1319071/000116231805000183/exhibit42.htm.  These documents are publicly available on the website of the U.S. Securities & Exchange Commission (the "SEC").  On this motion, the Court may consider materials "attached to the complaint as an exhibit or incorporated in it by reference . . . , matters of which judicial notice may be taken . . . , or documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied in bringing suit."  *Adams v. Crystal City Marriott Hotel*, No. 02 Civ. 10258 PKL, 2004 WL 744489, at *3 (S.D.N.Y. Apr. 6, 2004) (alteration in original) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

[4] A plaintiff has standing if he can allege that: (1) he has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged conduct of the defendant; and (3) the injury can be redressed by a decision of the court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

3

courts have dismissed claims against trustees in their individual capacities when allegations pertained only to defendants' conduct in their trustee capacities. *See City of Cincinnati*, 2012 WL 4829372, at *2-4; *Denton v. U.S. Bank, N.A.*, No. 10-cv-3077, 2011 WL 7628515, at *6 (D. Or. Oct. 26, 2011), *adopted* 2012 WL 1029364 (D. Or. Mar. 26, 2012); *Yau v. Deutsche Bank Nat'l Trust Co.*, 11-cv-00006-JVS-RNB, 2011 WL 8327957, at *3 (C.D. Cal. May 9, 2011); *Mayo v. GMAC Mortg., LLC*, No. 08-CV-00568, 2010 WL 9073441, at *2-3 (W.D. Mo. Mar. 1, 2010); *Briscoe v. Deutsche Bank Nat'l Trust Co.*, No. 08-CV-1279, 2008 WL 4852977, at *5 (N.D. Ill. Nov. 7, 2008); *Haskett v. Villas at Desert Falls*, 108 Cal. Rptr. 2d 888, 898 (Cal. Ct. App. 2001).  In *City of Cincinnati*, for example, the Southern District of Ohio based its ruling on the "well-established law that distinguishes conduct by an entity acting on its own behalf from that within its capacity as a trustee." *Id.* at *3.

Plaintiffs lack standing to sue DBNTC in its individual capacity because Plaintiffs have not alleged *any* acts or omissions by DBNTC in its individual capacity that would subject it to liability.  DBNTC in its individual capacity has no rights, interest, or duties with respect to any plaintiff's loans and therefore cannot be liable for any alleged RICO violations or violations of Massachusetts law because no alleged injury is fairly traceable to it.  Accordingly, to the extent that Plaintiffs attempt to sue DBNTC in its individual capacity, the claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims against DBNTC should be dismissed entirely, or, in the alternative, should be dismissed with respect to all of DBNTC's separate capacities except in its trustee capacity for the Trusts.

Dated:   New York, NY
          June 20, 2013

MORGAN, LEWIS & BOCKIUS LLP

By:   /s/ Michael S. Kraut
        Michael S. Kraut (MK-4469)
        101 Park Avenue
        New York, New York 10178
        T: (212) 309-6000
        F: (212) 309-6001

*Attorneys for Defendant*
*Deutsche Bank National Trust Company*

5