UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                            :
JOHN ANCTIL, et al.,                        :
                                            :     Civil Action No. 7:12-cv-08572-CS
                Plaintiffs,                 :
                                            :
        -against-                           :   **MEMORANDUM OF LAW IN**
                                            :   **SUPPORT OF OCWEN FINANCIAL**
ALLY FINANCIAL, INC., et al.,               :   **CORPORATION'S MOTION TO**
                                            :   **DISMISS**
                Defendants.                 :
                                            :
                                            :
                                            :
                                            :
--------------------------------------------------------x


                                R. Bruce Allensworth, *pro hac vice*
                                    bruce.allensworth@klgates.com
                                Brian M. Forbes, *pro hac vice*
                                    brian.m.forbes@klgates.com
                                Robert W. Sparkes, III, *pro hac vice*
                                    robert.sparkes@klgates.com
                                K&L GATES LLP
                                State Street Financial Center
                                One Lincoln Street
                                Boston, MA 02111
                                Phone: (617) 261-3100
                                Fax: (617) 261-3175

                                David S. Versfelt (SBN 1379817)
                                    david.versfelt@klgates.com
                                K&L GATES LLP
                                599 Lexington Avenue
                                New York, NY 10022
                                Tel.: 212.536.3900
                                Fax: 212.308.6661


                                *Attorneys for Defendant Ocwen Financial*
                                *Corporation*

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................ 2

      A.    The Allegations Set Forth in Plaintiffs' Second Amended Complaint...................2

      B.    Facts Relating To Ocwen Financial Corporation......................................................3

III.   STANDARD OF REVIEW ................................................................................ 4

IV.    ARGUMENT ..................................................................................................... 5

      A.    The Court Lacks Personal Jurisdiction Over Ocwen Financial ............................5

            1.    *The Court Does Not Have Specific Personal Jurisdiction Over Ocwen Financial In This Matter*.................................................................6

            2.    *Ocwen Financial Is Not Subject To General Personal Jurisdiction In New York*.....................................................................................7

            3.    *The Exercise of Jurisdiction Over Ocwen Financial Would Run Counter To Constitutional Principles of Due Process* ...............................8

            4.    *The Court Lacks Personal Jurisdiction Under RICO*................................9

      B.    Plaintiffs Lack Standing To Assert Claims Against Ocwen Financial .................10

      C.    Plaintiffs' Complaint Fails To Allege A Plausible Claim For Relief Against Ocwen Financial And Thus Should Be Dismissed Per Rule 12(b)(6)...................12

V.     CONCLUSION.................................................................................................. 15

## **TABLE OF AUTHORITIES**

**Page**

### **Federal Cases**

*1-800-Flowers.com, Inc. v. Edible Arrangements, LLC*,
   905 F. Supp. 2d 451 (E.D.N.Y. 2012)...................................................................5

*Abdallah v. Bain Capital LLC*,
   880 F. Supp. 2d 190 (D. Mass. 2012)................................................................14

*Asafo-Adjei v. First Savings Mortgage Corp.*,
   2011 WL 344613 (D. Md. Feb. 1, 2011).............................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................................13

*Baptichon v. Nevada State Bank*,
   304 F. Supp. 2d 451 (E.D.N.Y. 2004)................................................................6

*Blanton v. City of New York*,
   2012 WL 6634177 (S.D.N.Y. Dec. 20, 2012)....................................................13

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983)............................................................................................11

*Ehrenfeld v. Mahfouz*,
   518 F.3d 102, 104 (2d Cir. 2008)......................................................................5

*Frankel v. Cole*,
   313 Fed. App'x 418 (2d Cir. 2009)....................................................................14

*Hunter v. Deutsche Lufthansa AG*,
   863 F. Supp. 2d 190 (E.D.N.Y. 2012)................................................................8

*Jazini v. Nissan Motor Co., Ltd.*,
   148 F.3d 181 (2d Cir. 1998).......................................................................4, 7, 8

*J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*,
   131 F. Supp. 2d 544 (S.D.N.Y. 2001)...........................................................7, 8, 9

*King County, Washington v. Deutsche Industriebank, AG*,
   769 F. Supp. 2d 309 (S.D.N.Y. 2011)................................................................7

*King v. Wells Fargo Home Mortgage,*
    2013 WL 1196664 (D. Mass. Mar. 25, 2013)..................................................................13

*Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.,*
    26 F. Supp. 2d 593 (S.D.N.Y. 1998)...........................................................3, 4, 5, 9

*Latson v. Plaza Home Mortg., Inc.,*
    708 F.3d 324 (1st Cir. 2013)...................................................................................14

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992)..........................................................................5, 10, 11

*Lundy v. Catholic Health Systems of Long Island Inc.,*
    711 F.3d 106 (2d Cir. 2013).....................................................................................13

*Lyons v. Rienzi & Sons, Inc.,*
    856 F. Supp. 2d 501 (E.D.N.Y. 2012)....................................................................9

*Mahon v. Ticor Title Insurance Co.,*
    683 F.3d 59 (2d Cir. 2012)....................................................................................10

*Morrison v. National Australia Bank Ltd.,*
    547 F.3d 167 (2d Cir. 2008)...............................................................................3, 5

*Nielsen v. AECOM Technology Corp.,*
    2012 WL 6200613 (S.D.N.Y. Dec. 11, 2012)........................................................8

*Ochre LLC v. Rockwell Arch. Plan and Design, P.C.,*
    2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012).........................................................14

*Onwumbiko v. JP Morgan Chase Bank, N.A.,*
    2012 WL 6019497 (D. Md. Nov. 30, 2012)...........................................................13

*Raines v. Byrd,*
    521 U.S. 811 (1997)...............................................................................................10

*Robinson v. Overseas Military Sales Corp.,*
    21 F.3d 502 (2d Cir. 1994)......................................................................................4

*Shain v. Ellison,*
    356 F.3d 211 (2d Cir. 2004)...................................................................................11

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,*
    2002 WL 719471, at *6 (E.D.N.Y. Mar. 1, 2002)................................................10

*Thomas v. JP Morgan Chase, N.A.*,
   2012 WL 2872164, at *5 (E.D.N.Y. July 11, 2012)......................................................9, 10

*Tradition Chile Agentes de Valores LTDa. v. ICAP Securities USA LLC*,
   2010 WL 4739938 (S.D.N.Y. Nov. 5, 2010)........................................................................5

*Wright v. Ernst & Young LLP*,
   152 F.3d 169 (2d Cir. 1998).................................................................................................5

### State Cases

*Lambert v. Fleet National Bank*,
   865 N.E.2d 1091 (Mass. 2007).............................................................................................14

### Federal Constitution

United States Constitution,
   Article III, Section 2, Clause 1............................................................................................10

### Federal Statutes

Racketeer Influenced and Corrupt Organization Act,
   18 U.S.C. § 1962...........................................................................................2, 13, 14, 15

Racketeer Influenced and Corrupt Organization Act,
   18 U.S.C. § 1965..................................................................................................................9

### State Statutes

Maryland Consumer Protection Act,
   Md. Code Ann., Com. Law § 13-303............................................................................2, 13

Massachusetts General Laws,
   Chapter 93A.................................................................................................................2, 14, 15

Massachusetts General Laws,
   Chapter 260, Section 2A.......................................................................................................14

Massachusetts General Laws,
   Chapter 260, Section 5A.......................................................................................................14

New York Civil Practice Law and Rules,
   Section 301.............................................................................................................................8

New York Civil Practice Law and Rules,
   Section 302.............................................................................................................................6

## **Federal Rules**

Federal Rule of Civil Procedure,
  Rule 8(a).....................................................................................................................2, 14

Federal Rule of Civil Procedure,
  Rule 9(b)................................................................................................................2, 13, 14

Federal Rule of Civil Procedure,
  Rule 12(b)(1)...................................................................................................................1

Federal Rule of Civil Procedure,
  Rule 12(b)(2)...................................................................................................................1

Federal Rule of Civil Procedure,
  Rule 12(b)(6)...............................................................................................................1, 12

I.    **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), and (b)(6), Defendant Ocwen Financial Corporation ("Ocwen Financial")[1] respectfully submits the following Memorandum of Law in Support of its Motion to Dismiss and requests that the Court dismiss it from the above-captioned matter.[2]  The Court should dismiss all claims alleged against Ocwen Financial in the Second Amended Complaint (the "Complaint") for the following reasons:

First, the Court lacks personal jurisdiction over Ocwen Financial.  Ocwen Financial has no employees or offices in New York, does not conduct business or operations in New York, and is not registered to do business as a foreign corporation in New York.  Rather, Ocwen Financial is a Georgia-based corporation that is incorporated under Florida law, and does not originate, own, service, or foreclose upon residential mortgage loans.  Ocwen Financial did not originate, does not service, and has never serviced or foreclosed upon any of the plaintiffs' mortgage loans in New York, or elsewhere.  Ocwen Financial, moreover, is not alleged to have taken any specific action in New York.  In fact, of the three plaintiffs with whom Ocwen Financial is alleged (incorrectly) to have had some connection, not one is a resident of New York.

Second, plaintiffs lack standing to bring claims against Ocwen Financial.  Plaintiffs' Complaint is devoid of any allegations that plaintiffs suffered an injury that is fairly traceable to any purported action or omission on the part of Ocwen Financial.  In fact, the Complaint lacks any allegations identifying any specific conduct of Ocwen Financial whether related to plaintiffs' mortgage loans or otherwise.  And, importantly, Ocwen Financial is not a member of the

---

[1]     Ocwen Financial was added as a party to this action for the first time in connection with the filing of the First Amended Complaint on January 28, 2013.

[2]     Ocwen Financial has also joined in Defendants' Joint Motion to Dismiss Plaintiffs' Second Amended Complaint and incorporates by reference herein all arguments set forth in Defendants' Memorandum of Law in Support of the Joint Motion to Dismiss ("Joint Memo."), which arguments further support dismissal of all claims alleged against Ocwen Financial.

Mortgage Electronic Registration System, Inc. ("MERS"), which alleged membership is central to the allegations and claims set forth in plaintiffs' Complaint.

Third, plaintiffs' Complaint fails to state a plausible claim for relief against Ocwen Financial under either the basic pleading standard of Rule 8(a) or the heightened pleading standard of Rule 9(b).  As such, the Court should dismiss all claims against Ocwen Financial.

## II.   BACKGROUND

### A.   The Allegations Set Forth in Plaintiffs' Second Amended Complaint

In this action, thirty-five plaintiffs assert fifteen causes of action generally against twenty-six defendants, including five claims against Ocwen Financial.  *See* Second Amended Complaint ("SAC") ¶¶ 197-370.  The claims alleged against Ocwen Financial include: (1) violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c) ("RICO") (Count 1); (2) violation of Mass. Gen. Laws ch. 93A ("Chapter 93A") (Count 12); (3) common law fraud under Massachusetts law (Count 13); (4) violation of the Maryland Consumer Protection Act ("MCPA") (Count 14); and (5) common law fraud under Maryland law (Count 15).  *See id.* ¶¶ 197-214, 337-370.  Plaintiffs' claims are predicated on allegations of the collective defendants' allegedly fraudulent loan servicing and foreclosure practices, including the alleged use of MERS in furtherance of a vaguely alleged wrongful scheme.  *See id.* ¶¶ 74-83, 103-107, 108-115, 142-152, 169-180.

While plaintiffs' Complaint is replete with general and conclusory allegations regarding the alleged loan servicing and foreclosure practices of the "defendants," absent from the Complaint is any allegation as to what conduct, if any, Ocwen Financial itself has engaged in that gives rise to the causes of action set forth in the Complaint or that has caused specific harm to any one of the plaintiffs.  Plaintiffs' only specific allegations concerning Ocwen Financial – which are factually incorrect – are that: (1) Ocwen Financial is a loan servicer (*id.* ¶ 141(c)); and

(2) "Ocwen was involved in a mortgage or foreclosure proceeding[ ] relating to [plaintiffs] Matthew Zicaro (as successor to HomeEq Servicing), Gisele Barbosa (as successor to HomeEq Servicing) and George Branch (by transfer from prior servicer Saxon Mortgage Services, Inc.)" (*id.* ¶ 57). The Complaint otherwise merely sets forth unsupported allegations that all named defendants "engaged in a coordinated pattern of acts to generate mortgages or refinance loans, expedite foreclosures, and procure fraudulent foreclosure judgments" (*id.* ¶ 2), that all defendants "presented documents containing fraudulent, false or misleading information . . . and engaged in dual-tracking loan modifications and foreclosures" (*id.*), and that defendants engaged in this alleged wrongdoing through their alleged associations with and membership in the Mortgage Bankers Association and MERS (*id.* ¶¶ 142-152).

### B.  Facts Relating To Ocwen Financial Corporation

Ocwen Financial is incorporated under Florida law and has a principal place of business in Georgia. *See* Declaration of Rashad Blanchard dated June 18, 2013, at ¶ 2 ("Blanchard Decl.").[3] Ocwen Financial is not qualified or registered as a foreign corporation in New York. *See id.* at ¶ 9. Ocwen Financial does not now own, nor has it ever owned, any real property in New York, and it does not now have, nor has it ever had, an office, telephone number, or any employees in New York. *See id.* at ¶¶ 7-8. Ocwen Financial, moreover, does not engage, nor has it ever engaged, in the origination or servicing of mortgages and it has never originated or serviced a mortgage secured by real property located in New York. *See id.* at ¶ 4. Ocwen Financial does not engage in foreclosure-related activities with respect to mortgage loans. *See id.* at ¶ 5. Ocwen Financial has never owned, originated, serviced, or been involved in the

---

[3] In considering motions under Rules 12(b)(1) and (b)(2), the Court may consider evidence beyond the pleadings. *See Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 26 F. Supp. 2d 593, 604 (S.D.N.Y. 1998); *see also Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

foreclosure of any of the plaintiffs' mortgages or done any business with any of the plaintiffs in New York.  *See id.* at ¶ 6.  Ocwen Financial has never had any relationship to or connection with any of the plaintiffs or their mortgage loans.  *See id.* at ¶ 11.  Contrary to plaintiffs' allegations, Ocwen Financial is not a member of and does not register loans with MERS.  *See id.* at ¶ 12.

Ocwen Financial exists solely as a holding company for entities that are engaged in the business of residential and commercial mortgage loan servicing.  *See id.* at ¶ 3.  In that capacity, Ocwen Financial is the parent corporation for certain mortgage loan servicers.  *See id.* at ¶¶ 3, 10.  To the extent that Ocwen Financial's loan servicing subsidiaries have customers or service mortgages on real property in New York or elsewhere, those subsidiaries conduct their business and communicate with borrowers solely on their own behalf, and not on behalf of or at the direction of Ocwen Financial.  *See id.* at ¶ 10.  Contrary to plaintiffs' allegations, Ocwen Financial did not purchase, does not own or hold any interest in, and is not the successor to either HomeEq Servicing or Saxon Mortgage Services, Inc.  *See id.* at ¶ 13.

## III.  <u>STANDARD OF REVIEW</u>

Plaintiffs bear the burden to demonstrate that personal jurisdiction exists over Ocwen Financial.  *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).  To satisfy that burden, a plaintiff must include "legally sufficient allegations of jurisdiction" in his or her complaint to make a prima facie case of jurisdiction.  *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998).  A complaint that fails to allege any facts to show a basis for the exercise of personal jurisdiction over a defendant fails to present a *prima facie* case of jurisdiction and should be dismissed.  *See Laborers Local 17*, 26 F. Supp. 2d at 604.  Where a complaint contains insufficient allegations to support personal jurisdiction, a plaintiff is prohibited from introducing extrinsic materials to amend a deficient pleading and cannot

introduce new facts by way of an opposition memorandum.  *See id.*; *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998).

Similarly, a plaintiff asserting subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists.  *See Morrison*, 547 F.3d at 170; *1-800-Flowers.com, Inc. v. Edible Arrangements, LLC*, 905 F. Supp. 2d 451, 453-54 (E.D.N.Y. 2012).  In considering a motion to dismiss for lack of standing, the Court should take all well-pled facts alleged in the complaint as true and draw reasonable inferences in favor of plaintiffs.[4]  *See Morrison*, 547 F.3d at 170. However, because "jurisdiction must be shown affirmatively," plaintiffs cannot satisfy their burden merely "by drawing from the pleadings inferences favorable to the party asserting [jurisdiction]."  *1-800-Flowers.com, Inc.*, 905 F. Supp. 2d at 454 (internal quotations omitted).

## IV.    ARGUMENT

### A.    The Court Lacks Personal Jurisdiction Over Ocwen Financial

Under New York law, for the Court to exercise jurisdiction over out-of-state defendant Ocwen Financial, plaintiffs must affirmatively demonstrate (1) that Ocwen Financial is subject to either general personal jurisdiction or specific personal jurisdiction under the New York long-arm statute, and (2) that the exercise of such jurisdiction comports with constitutional principles of due process.[5]  *See Tradition Chile Agentes de Valores Ltda. v. ICAP Secs. USA LLC*, 2010 WL 4739938, at *4 (S.D.N.Y. Nov. 5, 2010).  Plaintiffs cannot satisfy any of these requirements.

---

[4]    In assessing the sufficiency of the allegations and claims in connection with a motion to dismiss under Rule 12(b)(1), the Court should apply the same plausibility standards applicable to a motion to dismiss under Rule 12(b)(6).  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

[5]    The New York long-arm statute does *not* extend to the limits of constitutional due process.  *See Ehrenfeld v. Mahfouz*, 518 F.3d 102, 104 (2d Cir. 2008).  Accordingly, even if the requirements for constitutional due process are met (which they are not), plaintiffs must first allege facts that show that Ocwen Financial is subject to general or specific personal jurisdiction under New York law.

1.     ***The Court Does Not Have Specific Personal Jurisdiction Over Ocwen Financial In This Matter***

Under the New York long-arm statute, specific personal jurisdiction will vest only where the plaintiffs' claims arise out of the out-of-state defendant's (1) transaction of "any business within the state" or entering into a contract "anywhere to supply goods or services in the state;" (2) commission of "a tortious act within the state;" (3) commission of "a tortious act without the state causing injury to person or property within the state … if [the defendant] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives revenue from interstate or international commerce;" or (4) ownership, use, or possession of "any real property situated within the state."  *See* N.Y. C.P.L.R. § 302(a).  Where a plaintiff fails to plead facts that "would suffice to establish all the requirements under one of § 302(a)'s subsections," that plaintiff fails to establish the Court's specific personal jurisdiction over the defendant.  *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 457-58 (E.D.N.Y. 2004).

Plaintiffs' Complaint contains no allegation that the claims against Ocwen Financial arise from any of the above-listed activities.  Plaintiffs do not allege that Ocwen Financial transacted any business in New York, entered into any contract to provide goods or services in New York, committed a tort, or caused injury, in New York, or owned, used, or possessed real property in New York.  Plaintiffs' Complaint does not allege any specific action taken, misrepresentation made, document filed, or omission by Ocwen Financial in New York with respect to any one of the plaintiffs or their loans.  Indeed, plaintiffs' Complaint alleges a connection between Ocwen Financial and only three plaintiffs, and **not one of those three plaintiffs resides or owns property in New York**.  *See* SAC ¶¶ 11, 13, 35, 57.  Instead, those three plaintiffs (Zicaro,

Barbosa, and Branch) are alleged to have owned property in **either Massachusetts or Maryland**. *See id.* Plaintiffs have not pled any jurisdictional facts tying Ocwen Financial, or any of the specific claims alleged against Ocwen Financial, to New York.[6] As such, the Court should dismiss the claims against Ocwen Financial for lack of personal jurisdiction. *See King County v. Deutsche Industriebank, AG*, 769 F. Supp. 2d 309, 321 (S.D.N.Y. 2011).

To the extent that plaintiffs may attempt to manufacture jurisdiction over Ocwen Financial through the alleged actions of its subsidiaries (none of which are identified in the Complaint), a court may not exercise jurisdiction over a parent corporation simply because that corporation's subsidiary may be subject to the court's jurisdiction. *Jazini*, 148 F.3d at 184. A parent corporation may only be subject to personal jurisdiction through its subsidiary's contacts in the limited circumstances where the subsidiary is deemed "an 'agent' or 'mere department' of the foreign parent." *Id.* The Complaint lacks any allegations that any subsidiary of Ocwen Financial was involved in the servicing or foreclosure of the plaintiffs' loans in New York and, thus, does not to support a plausible claim that any such subsidiary served as an "agent" or "mere department" of Ocwen Financial. Personal jurisdiction cannot be imputed to Ocwen Financial through some unnamed subsidiary. *See J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*, 131 F. Supp. 2d 544, 549-50 (S.D.N.Y. 2001) (Ocwen Financial not subject to personal jurisdiction based on its status as holding company for a subsidiary subject to personal jurisdiction in New York).

### 2. *Ocwen Financial Is Not Subject To General Personal Jurisdiction In New York*

Courts in New York may exercise general personal jurisdiction over a foreign corporation that is "engaged in such a continuous and systematic course of 'doing business' in New York as

---

[6]     Nor can plaintiffs allege any such facts as Ocwen Financial did not service plaintiffs' loans and was not involved in the foreclosure of any of those loans in New York. *See* Blanchard Decl. at ¶¶ 6, 11.

to warrant a finding of its 'presence' in [the state]." *Jazini*, 148 F.3d at 184; N.Y. C.P.L.R. § 301.  To plead general personal jurisdiction, a plaintiff must allege facts that show that the out-of-state defendant "does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Nielsen v. AECOM Techn. Corp.*, 2012 WL 6200613, at *3 (S.D.N.Y. Dec. 11, 2012) (quotations omitted).  The "doing business" standard sets a "high threshold showing" and requires a plaintiff to show the existence of "the 'traditional set of indicia' for personal jurisdiction," such as being headquartered, being incorporated, maintaining an office or financial account, or having employees in the forum state. *See Hunter v. Deutsche Lufthansa AG,* 863 F. Supp. 2d 190, 199-200 (E.D.N.Y. 2012).

Plaintiffs do not allege, and cannot show, that Ocwen Financial possesses any of the indicia of personal jurisdiction vis-à-vis New York.  Ocwen Financial is not qualified or registered to conduct business in New York. *See* Blanchard Decl. at ¶ 9.  Ocwen Financial is a Florida corporation that is headquartered in Georgia and has no offices, employees, or other business or operational presence in New York. *See id.* at ¶¶ 2, 4, 7-8.  Ocwen Financial, moreover, has never originated, serviced, or foreclosed upon mortgage loans secured by property located in New York. *See id.* at ¶¶ 4-6.  Simply put, Ocwen Financial does not "do business" in New York and plaintiffs have failed to allege facts to infer any contacts with New York, never mind contacts of a sufficiently "permanent" or "continuous" nature to support general personal jurisdiction. *See J.L.B. Equities, Inc.*, 131 F. Supp. 2d at 548-49, 550-53 (Ocwen Financial not subject to personal jurisdiction in New York).

### 3.  *The Exercise of Jurisdiction Over Ocwen Financial Would Run Counter To Constitutional Principles of Due Process*

Pursuant to Constitutional principles of due process, a court may not exercise "personal jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum

state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" and, as a result, "should reasonably anticipate being hauled into court in the forum state." *Laborers Local 17*, 26 F. Supp. 2d at 598 (internal quotation marks omitted). For a defendant to have minimum contacts with the forum state, "it is essential that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Lyons v. Rienzi & Sons, Inc.*, 856 F. Supp. 2d 501, 508 (E.D.N.Y. 2012) (quotations omitted).

For the same reasons that plaintiffs have not alleged facts to establish personal jurisdiction over Ocwen Financial, plaintiffs have not alleged any facts establishing the necessary "minimum contacts" with New York.[7] Nothing in the Complaint suggests that Ocwen Financial did anything in New York, never mind some "act by which [it] purposefully avail[ed] itself of" the benefit of New York law. In the absence of such allegations, and in light of Ocwen Financial's lack of contacts with New York, *see* Blanchard Decl. at ¶¶ 2-11, the exercise of jurisdiction over Ocwen Financial would violate due process.

### 4.   *The Court Lacks Personal Jurisdiction Under RICO*

Plaintiffs similarly cannot establish personal jurisdiction over Ocwen Financial pursuant to § 1965 of RICO. RICO "does *not* provide for nationwide personal jurisdiction over *every* defendant in every civil RICO case, no matter where the defendant is found." *Thomas v. JP Morgan Chase, N.A.*, 2012 WL 2872164, at *5 (E.D.N.Y. July 11, 2012) (internal quotation marks omitted). Here, personal jurisdiction is lacking for at least two reasons. First, plaintiffs have not alleged, and cannot allege, facts to show that the exercise of jurisdiction would satisfy

---

[7]     If the Court concludes that jurisdiction cannot be established under New York's long-arm statute, the Court need not consider whether the exercise of jurisdiction comports with due process. *J.L.B. Equities, Inc.*, 131 F. Supp. 2d at 547; *see* Note 5, *supra*.

the "ends of justice" as nothing suggests that this action could not be tried in a jurisdiction other than New York.  *See id.* at *5-6; *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 2002 WL 719471, at *6 (E.D.N.Y. Mar. 1, 2002).  Second, plaintiffs' RICO claim against Ocwen Financial (like the RICO claims against the other defendants) fails to state a plausible claim for relief, is meritless and should be dismissed.  *See* Joint Memo. at 29-37; Section IV.C, *infra.*  Indeed, Ocwen Financial does not originate, service, or foreclose loans, did not originate, service, or foreclose upon the plaintiffs loans, and is not a member of MERS, which serves as the alleged "enterprise" centerpiece, association-in-fact, and unifying factor of plaintiffs' RICO claims.  *See* Blanchard Decl. at ¶¶ 4-6, 12  Where RICO claims cannot be maintained against Ocwen Financial, "the 'ends of justice' do not mandate the exercise of personal jurisdiction over [it]."  *Team Obsolete*, 2002 WL 719471, at *6, *8.  "[A] plaintiff cannot insert a meritless RICO claim in a complaint as a means to obtain personal jurisdiction over a non-domiciliary defendant."  *Thomas*, 2012 WL 2872164, at *5 n.6.  As such, the Court lacks personal jurisdiction over Ocwen Financial.

### B. Plaintiffs Lack Standing To Assert Claims Against Ocwen Financial

Federal courts may only adjudicate actual "cases" and "controversies."  U.S. Const. art. III, § 2, cl. 1.  To present a justiciable case or controversy, a litigant must have standing to bring the causes of action alleged in the lawsuit.  *See Raines v. Byrd*, 521 U.S. 811, 818 (1997).  "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (internal quotation marks omitted). Plaintiffs bear the burden of alleging facts to establish standing for each plaintiff as against each defendant.  *See id.* at 65-66; *Lujan*, 504 U.S. at 561.

Three elements constitute the "irreducible constitutional minimum of standing."  *Lujan*, 504 U.S. at 560.  First, each plaintiff must allege that he or she "suffered an injury in fact," which requires each plaintiff to allege "an invasion of a legally protected interest which is (a)

concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted).  Second, each plaintiff must allege "a causal connection between the injury and the conduct complained of" – *i.e.*, that the injury is "fairly trace[able] to the challenged action of the defendant . . . ." *Id.* (internal quotations omitted).  Third, each plaintiff must allege that his or her injuries are likely to be "redressed by a favorable decision." *Id.*  A party seeking prospective injunctive relief must also establish that the alleged injury-in-fact is likely to occur in the future and constitutes a "real and immediate threat." *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004).

Plaintiffs' Complaint is devoid of any allegations that demonstrate, or even suggest, that their claims against Ocwen Financial satisfy standing requirements.  Indeed, wholly absent from the Complaint are any allegations that any one plaintiff suffered an actual and concrete injury-in-fact that is fairly traceable to any specific actions or omissions by Ocwen Financial.  Other than alleging conclusory allegations regarding Ocwen Financial's general involvement, as one of the collective "defendants," in an allegedly wrongful scheme, the only allegation in the Complaint specifically directed to Ocwen Financial alleges that Ocwen Financial was "involved in a mortgage or foreclosure proceeding[ ]" related to three of the named plaintiffs, Zicaro, Barbosa, and Branch.  SAC ¶ 57.  Ocwen Financial's only alleged involvement, moreover, is alleged to have occurred in its alleged capacity as "successor" to other entities.  *See id.* at ¶ 57 & p. 46. While these allegations of involvement and succession are <u>incorrect</u> (*see* Blanchard Decl. at ¶¶ 6, 11, 13), even if accurate, whether Ocwen Financial was "involved in" a "mortgage" or "foreclosure proceeding" does not identify any actual, specific, or concrete injury suffered by any of the plaintiffs.  Nor does an allegation of "involvement," if true, support, identify or suggest that some unidentified injury related to the "mortgage" or "foreclosure proceeding" of

- 11 -

one of the plaintiffs is traceable to any conduct of Ocwen Financial.  The Complaint, in fact, lacks any allegation of even one specific act that Ocwen Financial itself is alleged to have taken (or failed to take), representation that Ocwen Financial is alleged to have made, or any other specific conduct of Ocwen Financial as to any one of the plaintiffs or their loans.  As such, plaintiffs have not alleged the existence of any actual and concrete injury-in-fact that they have suffered, or are in imminent danger of suffering, that is remotely traceable to Ocwen Financial.[8]

Moreover, plaintiffs' claims against Ocwen Financial <u>cannot</u> satisfy the standing requirements.  Plaintiffs' claims are predicated on general allegations concerning the separate defendants' alleged loan servicing and foreclosure practices.  Ocwen Financial, however, does not originate, service, or foreclose upon mortgage loans, and it did not originate, service, or foreclose upon any of the plaintiffs' loans; nor is Ocwen Financial a member of MERS.  *See* Blanchard Decl. at ¶¶ 4-6, 12.  Plaintiffs cannot allege facts to show a concrete injury-in-fact that is, or can be, traceable to Ocwen Financial, and, as such, cannot satisfy Article III standing.

**C.    Plaintiffs' Complaint Fails To Allege A Plausible Claim For Relief Against Ocwen Financial And Thus Should Be Dismissed Per Rule 12(b)(6)**

For the reasons set forth in the Defendants' Joint Memorandum and those set forth below, the Complaint should be independently dismissed pursuant to Rule 12(b)(6) because it lacks sufficient allegations to state a plausible claim for relief against Ocwen Financial.

The only specific allegations directed to Ocwen Financial in the Complaint state that Ocwen Financial was "involved in a mortgage or foreclosure proceeding[ ]" related to three of

---

[8]    Plaintiffs' chart of purported "Racketeering Acts" does not cure the constitutional deficiency of their claims.  *See* SAC, p. 46.  The only actual "act" that Ocwen Financial (and not some alleged and incorrectly identified predecessor entity) is alleged to have taken is itself vague and conclusory; alleging that, as to plaintiff Branch, "Ocwen . . . delivered or caused to be delivered by Postal Service or a private carrier, or to be transmitted by wire, information, data or documents concerning the plaintiff's mortgage to MERS."  *Id.*  Such an unadorned, threadbare allegation does not support, or even suggest, the existence of a concrete injury-in-fact, or any injury, that is traceable to Ocwen Financial.  Such bald allegations cannot satisfy plaintiffs' burden to demonstrate Article III standing.

the thirty-five named plaintiffs – Zicaro, Barbosa, and Branch – as the alleged successor to other entities.[9]  SAC ¶ 57 & p. 46.  Even though these allegations are factually incorrect, *see* Section II.B, *supra*, with respect to plaintiffs Barbosa and Branch, the Complaint lacks any further allegations of what specific involvement Ocwen Financial is alleged to have had in the "mortgage[s]" or "foreclosure proceedings" of those plaintiffs and does not identify any one specific action taken, representation or omission made, or other conduct by Ocwen Financial with respect to either plaintiff or his or her loan.[10]  Such bald, conclusory allegations are insufficient to satisfy the pleading requirements of Rules 8(a) and 12(b)(6).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Blanton v. City of New York*, 2012 WL 6634177, at *2 (S.D.N.Y. Dec. 20, 2012).  Nor do they satisfy the heightened pleading requirements of Rule 9(b), which govern plaintiffs' RICO claims,[11] their common law fraud claims under Massachusetts and Maryland law,[12] and Branch's claim under the MCPA.[13]

Similarly, while the Complaint sets out certain allegations regarding the foreclosure of the mortgage loan of plaintiff Zicaro, Ocwen Financial is not alleged to have had any involvement in or taken any action with respect to the alleged foreclosure.  *See* SAC ¶¶ 124-137.

---

[9]     The allegations that Ocwen Financial purchased or is the successor to HomeEq Servicing and Saxon Mortgage Services, Inc. are factually wrong and cannot support liability against Ocwen Financial. *See* Blanchard Decl. at ¶ 13.

[10]    Plaintiffs' vague references to the mailing or transmittal of unidentified "data or documents" with respect to the Branch loan (*see* SAC, p. 46) are unadorned, conclusory statements that do not satisfy even the basic federal pleading standards and should be disregarded.  *See* Note 8, *supra*.

[11]    *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (RICO claim subject to heightened pleading standard of Rule 9(b)).

[12]    *See Onwumbiko v. JP Morgan Chase Bank, N.A.*, 2012 WL 6019497, at *3-4 (D. Md. Nov. 30, 2012) (MCPA claims and Maryland common law fraud claims subject to Rule 9(b) pleading standard); *Asafo-Adjei v. First Savings Mortgage Corp.*, 2011 WL 344613, at *3-4 (D. Md. Feb. 1, 2011) (Maryland fraud claim subject to Rule 9(b)); *King v. Wells Fargo Home Mortgage*, 2013 WL 1196664, at *2 (D. Mass. Mar. 25, 2013) (fraud claims failed to satisfy Rule 9(b) pleading standard).

[13]    *See Onwumbiko*, 2012 WL 6019497, at *3-4 (MCPA claims subject to Rule 9(b)).

Ocwen Financial is alleged only to have "purchased" HomeEq Servicing Corporation in 2010, years after the foreclosure. *See id.* ¶ 127.  While factually incorrect, the conclusory allegation of Ocwen Financial's purchase of HomeEq, even if taken as true, does not support claims against Ocwen Financial arising from a foreclosure in which it is not alleged to have been involved. Indeed, the Complaint alleges that entities other than Ocwen Financial conducted the foreclosure. *See id.* ¶¶ 124-137.  Plaintiffs' unadorned allegations of wrongdoing are not enough to satisfy either the basic pleading standards of Rule 8(a) or the heightened pleading standard of Rule 9(b), as applicable to Zicaro's RICO and common law fraud claims.  *See* Notes 11 & 12, *supra.*

In short, plaintiffs' Complaint fails to allege <u>any</u> facts specific to <u>any</u> conduct or activity of Ocwen Financial as to any of the named plaintiffs or their loans.  Plaintiffs cannot cure these fatal deficiencies by merely alleging misconduct and claims against "Defendants" generally. Neither the basic federal pleading standard nor the heightened pleading standard of Rule 9(b) is met where, as here, a complaint lumps together the defendants without providing any factual allegations to distinguish their conduct.  *See Ochre LLC v. Rockwell Arch. Plan. And Design, P.C.*, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012).

Moreover, the claims of plaintiffs Zicaro and Barbosa are time-barred.  Both RICO[14] and Chapter 93A[15] are subject to four-year statutes of limitation, and, under Massachusetts law, the statute of limitations for common law fraud is three years from accrual of the cause of action.[16] Plaintiffs claim that they were injured by allegedly improper foreclosure proceedings and the alleged loss of their property rights thereby.  As such, the applicable statutes of limitations

---

[14]    *See Frankel v. Cole*, 313 Fed. App'x 418, 419 (2d Cir. 2009).

[15]    *See* Mass. Gen. Laws. ch. 260, § 5A; *see also Lambert v. Fleet Nat'l Bank*, 865 N.E.2d 1091, 1097 (Mass. 2007); *Latson v. Plaza Home Mortg., Inc.*, 708 F.3d 324, 326-27 (1st Cir. 2013).

[16]    *See* Mass. Gen. Laws ch. 260, § 2A; *Abdallah v. Bain Capital LLC*, 880 F. Supp. 2d 190, 195 (D. Mass. 2012).

necessarily began to run at or about the time of the alleged foreclosure proceedings that purport to form the basis of plaintiffs' claims.

Plaintiffs' First Amended Complaint – the first complaint to assert claims against Ocwen Financial – was filed on January 28, 2013.  *See* Dkt. No. 32.  As such, to assert timely claims, plaintiffs' claims must have accrued on or after **January 28, 2009** (RICO and Chapter 93A) or **January 28, 2010** (common law fraud).  With respect to Zicaro, the Complaint alleges that a foreclosure complaint was filed (by entities other than Ocwen Financial) on December 28, 2006 (*see* SAC ¶ 138) and that other foreclosure proceedings occurred between December 2006 and August 2007 (*see id.* ¶¶ 128-135).  These dates fall well outside the applicable limitations periods.  With respect to Barbosa, the Complaint alleges only that a foreclosure complaint was filed on January 8, 2008 and that HomeEq Servicing mailed or transmitted data or documents between January 2008 and May 2008, which dates are outside the applicable limitations periods.  *See id.* ¶ 138, & p. 46.  The claims of plaintiffs Zicaro and Barbosa are thus time-barred and should be dismissed.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Ocwen Financial respectfully requests that the Court (1) grant Ocwen Financial's Motion to Dismiss; (2) dismiss the Second Amended Complaint against Ocwen Financial in its entirety; (3) dismiss Ocwen Financial from this action; and (4) grant such other relief as the Court deems just and necessary.

Respectfully submitted,

OCWEN FINANCIAL CORPORATION,

By its attorneys,


*/s/ Brian M. Forbes*

R. Bruce Allensworth (*pro hac vice*)
Brian M. Forbes (*pro hac vice*)
Robert W. Sparkes, III (*pro hac vice*)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel:  (617) 261-3100
Fax:  (617) 261-3175
E-mail: bruce.allensworth@klgates.com
E-mail: brian.m.forbes@klgates.com
E-mail: robert.sparkes@klgates.com

David S. Versfelt
K&L GATES LLP
599 Lexington Avenue, 34th Floor
New York, NY 10022
Tel:  (212) 536-3900
Fax: (212) 536-3901
E-mail: david.versfelt@klgates.com

*Counsel for Defendant*
*Ocwen Financial Corporation*

Dated: June 20, 2013

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system, if any, on June 20, 2013.

/s/ Brian M. Forbes
Brian M. Forbes