UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN ANCTIL, et al., | ) |
| Plaintiffs, | ) Civil Action No. 12-CV-8572 |
| v. | ) Hon. Cathy Seibel |
| ALLY FINANCIAL INC., et al., | ) |
| Defendants. | ) |

**SUPPLEMENTAL MEMORANDUM OF LAW
OF DEFENDANT ALLY FINANCIAL INC. IN FURTHER SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Of Counsel:
    Richard G. Haddad

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169-0075
(212) 661-9100

*Attorneys for Defendant Ally Financial Inc.*

3089333.2

Defendant Ally Financial Inc. ("Ally") respectfully submits this Supplemental Memorandum of Law in conjunction with, and in further support of, the Defendants' Joint Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC"), in order to place before the Court public information that shows that the claims against Ally in the Second Amended Complaint must be dismissed.

## PRELIMINARY STATEMENT

The allegations against Ally in the Second Amended Complaint should be dismissed because they are patently implausible and fail to state a claim for relief against Ally. The sole basis for including Ally as a defendant in the Second Amended Complaint is Plaintiffs' incorrect assertion that Ally "was previously known as GMAC Mortgage, which was involved in a mortgage or foreclosure proceedings relating to Jonathan Thurrott." SAC ¶ 37. However, this statement is demonstrably false and is insufficient to state a plausible claim against Ally. As previously explained in Ally's pre-motion conference letter submitted to the Court on January 22, 2013 (Dkt. 23), GMAC Mortgage, LLC ("GMACM") is an affiliate of Ally that originated and serviced loans, and is presently a debtor in an ongoing jointly administered Chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Southern District of New York before Bankruptcy Judge Martin Glenn. *See In re Residential Capital, LLC, et al.*, Case No.12-12020 (mg) (Bankr. S.D.N.Y.). Ally has an indirect ownership interest in GMACM. However, Ally and GMACM are not – and have never been – the same company. Ally did not, does not, and is not alleged to engage in lending, originating or servicing any of the loans that form the basis of the Second Amended Complaint, including that of Plaintiff Thurrott.

Moreover, Ally is not a member of MERS.[1] Accordingly, the claims alleged against Ally in the Second Amended Complaint are implausible and should be dismissed with prejudice.

### FACTS RELEVANT TO THIS SUPPLEMENTAL MEMORANDUM OF LAW

As Plaintiffs acknowledge (SAC ¶ 37), Ally is a bank holding company. As a bank holding company, Ally does not make or service mortgage loans, and Ally is not a member of MERS. Ally's public filings, filed with the Securities and Exchange Commission shortly before GMACM and certain other affiliates filed for bankruptcy, make clear that Ally had nothing more than an indirect ownership interest in GMACM and that Ally does not engage in lending, originating or servicing any loans.

On April 27, 2012, Ally reported its results for the quarterly period ending on March 31, 2012 and filed a form 10-Q with the Securities and Exchange Commission. This filing confirms that mortgage origination and servicing were conducted exclusively through subsidiaries, as opposed to Ally itself: "These operations are conducted through the mortgage operations of Ally Bank and the subsidiaries of the Residential Capital, LLC (ResCap) legal entity." Pertinent excerpts of the 10-Q are attached hereto as Exhibit A.

On May 14, 2012, Residential Capital, LLC ("ResCap") and certain of its wholly owned direct and indirect subsidiaries, including GMACM, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Thus, if Plaintiffs have any claim rising in connection with any GMACM mortgages, including the mortgage purportedly entered into with Plaintiff Thurrott, such claims should have been brought against GMACM in the Bankruptcy Court, and not against Ally in this proceeding.

---

[1] *See* MERS Member Search, available at http://www.mersinc.org/about-us/member-search.

# ARGUMENT

## PLAINTIFFS' ALLEGATIONS DIRECTED TOWARD ALLY ARE IMPLAUSIBLE AND SHOULD BE DISMISSED

The Second Amended Complaint is fatally and wholly devoid of any allegations linking Plaintiffs' alleged injuries to Ally, or depicting any nexus between Plaintiffs' purported harm and Ally's own conduct. In fact, the *only* basis for including Ally in the Second Amended Complaint is Plaintiffs' allegation that Plaintiff Thurrott was involved in dealings with GMACM, and the erroneous assertion that Ally was "previously known as" GMACM. Notably, in Ally's pre-motion letter [Dkt. 23], Ally made this point. Thereafter, at the pre-motion conference, this Court gave Plaintiffs the opportunity to replead their Complaint. Notwithstanding this opportunity, Plaintiffs failed to remedy or properly plead any claim against Ally.

Ally was not "previously known as" GMACM. Rather, Ally was a parent corporation with an indirect ownership interest in GMACM. No liability can be imposed upon Ally by virtue of its simply being the ultimate parent of GMACM. *Weinstein v. EBay, Inc.*, 819 F.Supp.2d 219, 223 (S.D.N.Y. 2011) (dismissing action against parent company where claims against parent were solely predicated upon plaintiff's relationship with subsidiary). Accordingly, Ally's indirect ownership interest in GMACM is insufficient to withstand a motion to dismiss.

Moreover, the allegations of purported wrongdoing by Ally are implausible as a matter of law. Ally's public filings contravene the premise that Ally might have acted as a lender, originator or loan servicer. *See* Exhibit A. As set forth in Ally's SEC filings, Ally is a bank holding company – it does not originate, make or service loans. The Court may take judicial notice of Ally's public filings and the content therein. *See Barbara v. Marinemax, Inc.*, No. 12-CV-0368 (ARR), 2012 U.S. Dist. LEXIS 171975, at *11-12 (E.D.N.Y. Dec. 3, 2012) (Ross, J.) (holding that on a 12(b)(6) motion to dismiss, court may take "judicial notice of public filings

with the SEC, available online in the EDGAR database"); *Coleman & Co. Sec., Inc. v. Giaquinto Family Trust,* 236 F.Supp.2d 288, 308-09 (S.D.N.Y. 2002) (Chin, J.) (taking judicial notice of public filings in SEC EDGAR database). Furthermore, Ally is not a member of MERS, a fact which Plaintiffs could has easily ascertained by conducting a member search on the MERS website. These filings and publicly available information – which are readily accessible and available to Plaintiffs – confirm that it was Ally's subsidiaries, and not Ally itself, that originated, made and serviced loans.

## CONCLUSION

There is no legal or factual basis for the allegations in the Second Amended Complaint against Ally. For these reasons, and the reasons set forth in Defendants' Joint Motion to Dismiss Plaintiffs' Second Amended Complaint, Ally respectfully requests that the Court dismiss the action with prejudice as to Ally.

Dated:   June 20, 2013
         New York, New York

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.

By:   /s/ Richard G. Haddad
      Richard G. Haddad
      A Member of the Firm
230 Park Avenue
New York, New York  10169
T: 212-661-9100
F: 212-682-6104
rhaddad@oshr.com

*Attorneys for Defendant Ally Financial Inc.*