**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOHN ANCTIL, et al.,                            :
                                                :
                    Plaintiffs,                 :   Case No. 12-cv-8572-CS
                                                :   Hon. Cathy Seibel
        v.                                      :
                                                :
ALLY FINANCIAL, INC., et al.,                   :
                                                :
                    Defendants.                 :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### REPLY MEMORANDUM OF LAW OF DEFENDANT
### THE PNC FINANCIAL SERVICES GROUP, INC. IN SUPPORT OF ITS
### MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

David H. Pittinsky                      Julian W. Friedman
pittinsky@ballardspahr.com              friedman@bssfny.com
**Ballard Spahr LLP**                   **Ballard Spahr Stillman & Friedman, LLP**
1735 Market Street, 51st Floor          425 Park Avenue
Philadelphia, PA 19103-7599             New York, NY  10022
Telephone: 215.665.8500                 Telephone: 212.223.0200
Facsimile: 215.864.8999                 Facsimile: 212.223.1942


                *Attorneys for Defendant The PNC*
                  *Financial Services Group, Inc.*

DMEAST #17633974 v1

**TABLE OF CONTENTS**

**Page**

I.     PRELIMINARY STATEMENT ......................................................................... 1

II.    ARGUMENT.................................................................................................... 1

      A.     PNC Was Not A Participant In The Schriefers Foreclosure Proceedings ............. 1

      B.     The Schriefers Foreclosure Proceedings Were Entirely Proper ........................... 2

      C.     The Schriefers Have Waived Their Right To Contest The BofA
          Foreclosure Proceedings ...................................................................................... 4

III.   CONCLUSION................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*White v. Bank of Am.*,
   2012 U.S. Dist. LEXIS 44044 (D. Md. Mar. 27, 2012)............................................................3

**OTHER CASES**

*LeBrun v. Prosise*,
   197 Md. 466, 79 A.2d 543 (1951) ........................................................................................2

*Svrcek v. Rosenberg*,
   203 Md. App. 705, 40 A.3d 494, 507 (2012)..................................................................2, 3, 4

**OTHER STATUTES**

Md. Real Property Code Ann. § 7-105 ........................................................................................3

**RULES**

Rule 14-207(b)(4) .......................................................................................................................3

Rule 14-211.................................................................................................................................4

## I.  PRELIMINARY STATEMENT

Preliminarily, it is noteworthy that plaintiffs have premised their Second Amended Complaint (the "SAC") and their Response to Defendants' Motion to Dismiss ("Pltfs. Resp.") on two facts, neither of which applies to the Schriefers' mortgage loan that is the subject of the motion to dismiss filed by The PNC Financial Services Group, Inc. ("PNC").

The first inapplicable fact is plaintiffs' reliance on MERS deeds of trust for their claims in the SAC.  SAC at ¶¶ 69-81, 103-107, 209; Pltfs. Resp. at 1-5.  As demonstrated in PNC's motion to dismiss, the Schriefers' mortgage loan did not involve a MERS deed of trust.  PNC Supplemental Memorandum ("PNC Supp.") at 5; First Pittinsky Affidavit ("Pittinsky Aff.") at Exs. B, D and F.  The only – and patently irrelevant – response made by plaintiffs is "[i]nclusion of the Schriefer loan in the MERS database is not precluded."  Pltfs. Resp. at 35.

The second inapplicable fact is plaintiffs' reliance on defendants' alleged origination of mortgage loans that were designed to fail quickly as part of defendants' alleged accelerated foreclosure scheme.  Pltfs. Resp. at 1, 10, 13.  Once again, there is no evidence that the Schriefers' mortgage loans fall into this category.  On the contrary, it is undisputed that the Schriefers' original and refinanced mortgage loans were conventional 30 year mortgage loans at market interest rates.  Pittinsky Aff., Ex. A (30 year loan at 6.875%), Ex. E (30 year loan at 6.625%).

## II.  ARGUMENT

### A.  PNC Was Not A Participant In The Schriefers Foreclosure Proceedings

In an attempt to implicate PNC in the Schriefers foreclosure proceedings, plaintiffs rely on two facts:  (i) affidavits submitted by Laura Cauper as an "Authorized Officer of PNC Bank NA Attorney in Fact for Bank of America, N.A." in connection with the foreclosure proceedings; and (ii) notices of intent to foreclose attached to the foreclosure complaint identifying PNC as

the servicer.  Pltfs. Resp. at 34.  Neither of these facts provides any support for plaintiffs'

conclusion.

With respect to the notices of intent to foreclose, they identified Bank of America

("BofA") as the "Secured Party" and PNC only as the "Servicer."  Pittinsky Aff. at Ex. I, pages

33 and 35 of 40.  Since PNC was only the servicer on the Schriefers' mortgage loan, it cannot be

held responsible for the foreclosure proceedings.  With respect to the Cauper Affidavits, all

Cauper did was place before the court certain undisputed facts known to PNC as the servicer on

the loan, such as BofA's ownership of the debt and the Schriefers' non-military service records.

Pittinsky Aff. at Ex. I, pages 26-37 of 40.  None of these Cauper submissions are alleged to be

untrue or wrongful.

Accordingly, there is simply no basis for implicating PNC in the BofA foreclosure

proceedings concerning the Schriefers' mortgage loan.

**B.      The Schriefers Foreclosure Proceedings Were Entirely Proper**

In any event, the Schriefers foreclosure proceedings were entirely proper.  Plaintiffs raise

two objections to the foreclosure proceedings.  First, they erroneously contend that PNC "held

the mortgage at the time of foreclosure" precluding the foreclosure.  Pltfs. Resp. at 35.  But, it is

undisputed that the Schriefers' promissory note had been transferred to BofA.  Second Pittinsky

Affidavit ("Sec. Pittinsky Aff."), Ex. J at 3 (National City Mortgage Co. assignment of the

promissory note to "Bank of America, N.A. without recourse").  It is hornbook Maryland law

that, "once the note was transferred, the right to enforce the deed of trust followed."  *Svrcek v.*

*Rosenberg*, 203 Md. App. 705, 727, 40 A.3d 494, 507 (2012); *LeBrun v. Prosise*, 197 Md. 466,

474-75, 79 A.2d 543 (1951) ("[a]n assignment of the note carries the mortgage with it").

Accordingly, the assignment of the Schriefers' promissory note to BofA, without more, entitled

BofA to foreclose upon the Schriefers' default.[1]

Second, plaintiffs erroneously contend that the failure to supply a deed of appointment of

a substitute trustee supported by an affidavit in connection with the foreclosure proceedings

violated Rule 14-207(b)(4) and demonstrates that the foreclosure was improperly accelerated.

Pltfs. Resp. at 35.

Maryland law requires a deed of trust to name an individual as a trustee. *See* Md. Real

Property Code Ann. § 7-105.  The Schriefers' loan, however, was originated during a period

when corporations were improperly named as trustees in deeds of trust and Lawyers Title

Services, Inc. was named the trustee on the Schriefers' original and refinanced deeds of trust.

Pittinsky Aff., Ex. B at page 2 of 15, Ex. F at p. 2 of 15.  Recognizing the adverse impact of

having thousands of deeds of trust that named corporate trustees being declared void, the

Maryland legislature enacted a curative statute which permits the appointment of a substitute

trustee if the deed of trust provides for such appointment.  Once the appointment is made, a

foreclosure sale may occur. *See White v. Bank of Am.*, 2012 U.S. Dist. LEXIS 44044, at *8 (D.

Md. Mar. 27, 2012) Md. Real Property Code Ann. § 7-105 (curative statute that applies

retroactively); *see also Svrcek*, 203 Md. App. at 731-737, 40 A.3d at 510-513.

Here, the Schriefers' original and refinanced deeds of trust both provided that "Lender

[BofA], at its option, may from time to time remove Trustee and appoint a successor trustee to

any Trustee appointed hereunder . . ." Pittinsky Aff., Ex. B at ¶ 24, Ex. F at ¶ 24.  Accordingly,

BofA sought and obtained the court's appointment of five individuals "as Trustees to make [the

---

[1]     The Schriefers' original and refinanced deeds of trust both provided that "[t]he Note or a
        partial interest in the Note (together with this Security Instrument) can be sold one or
        more times without prior notice to Borrower." Pittinsky Aff., Ex. B at ¶ 20, Ex. F at ¶ 20.

foreclosure] sale." *See* Pittinsky Aff., Ex. K at 1. Since the Schriefers in their deeds of trust had agreed to the appointment of the individuals as new trustees, the appointment did not "infringe upon any vested property right" belonging to them. *Svrcek*, 203 Md. App. at 737, 40 A.3d at 513. Therefore, a deed of appointment of substitute trustee supported by an affidavit was inapplicable to the BofA foreclosure proceedings because the individual trustees were court appointed.

## C. The Schriefers Have Waived Their Right To Contest The BofA Foreclosure Proceedings

There is a 15 day statutory time limit for mortgagors to challenge foreclosure proceedings in Maryland. Thus, Rule 14-211 requires that any motion to stay or vacate a foreclosure sale must be filed within 15 days after service of the complaint to foreclose. *Svrcek*, 203 Md. App. at 721, 40 A.3d at 504. To the extent the Schriefers seek to vacate their foreclosure sale, they are clearly out of time. *See* PNC Supp. at 8. The same deadline applies to the Schriefers' other foreclosure issues, *i.e.* the transfer of the deed of trust and the appointment of substitute trustees. *Svrcek*, 203 Md. App. at 727-728, 40 A.3d at 507-508.

Accordingly, even if any of the Schriefers' arguments had any merit, which they manifestly do not, the Schriefers are time barred from raising them.

## III. CONCLUSION

For the foregoing reasons, Defendant PNC respectfully requests that its Motion to Dismiss be granted and Judgment of Dismissal be entered in its favor and against Plaintiffs with

prejudice and without leave to amend.

Respectfully submitted,

DATED:  September 24, 2013
        New York, New York

/s/ Julian W. Friedman

Julian W. Friedman
friedman@bssfny.com
BALLARD SPAHR STILLMAN &
FRIEDMAN, LLP
425 Park Avenue
New York, NY  10022
T:  212.223.0200
F:  212.223.1942

/s/ David H. Pittinsky

David H. Pittinsky (*Pro Hac Vice*)
pittinsky@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
T:  215.864.8117
F:  215.864.8999

*Attorneys for The Defendant PNC Financial
Services Group, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOHN ANCTIL, et al.,        :
              :
       Plaintiffs,  :  Case No. 12-cv-8572-CS
              :  Hon. Cathy Seibel
    v.          :
              :
ALLY FINANCIAL, INC., et al.,   :  **CERTIFICATE OF SERVICE**
              :
       Defendants. :
              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    I hereby certify that, on September 24, 2013, I caused the foregoing Reply Memorandum of Law to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

Dated: September 24, 2013
    New York, New York

            /s/  Julian W. Friedman
              Julian W. Friedman