UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- X
JOHN ANCTIL, et al.,　　　　　　　　　　　: Case No. 12-cv-8572-CS
　　　　　　　　　　　　　　　　　　　　　: Hon. Cathy Seibel
　　　　　　　Plaintiffs,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　: **SECOND AFFIDAVIT OF DAVID H.**
　v.　　　　　　　　　　　　　　　　　　 : **PITTINSKY IN SUPPORT OF**
　　　　　　　　　　　　　　　　　　　　　: **DEFENDANT THE PNC FINANCIAL**
ALLY FINANCIAL, INC., et al.,　　　　　　 : **SERVICES GROUP, INC.'S MOTION**
　　　　　　　　　　　　　　　　　　　　　: **TO DISMISS THE SECOND**
　　　　　　　Defendants.　　　　　　　　 : **AMENDED COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　:
------------------------------- X

　　　　　DAVID H. PITTINSKY, hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

　　　　　1.　　I am a member of the firm of Ballard Spahr LLP, counsel for defendant The PNC Financial Services Group, Inc. ("PNC") in this action. I am admitted *pro hac vice* to represent my client PNC in this action.

　　　　　2.　　I submit this Second Affidavit in support of PNC's Motion to Dismiss the Second Amended Complaint ("SAC") filed in this action and to place before the Court certain documents relevant to the SAC and PNC's Motion to Dismiss.

　　　　　3.　　Where a plaintiff relies in the complaint upon the terms and effect of a document, which renders the document integral to the complaint, the court can consider the actual terms and effect of the document on a motion to dismiss without converting the motion into one for summary judgment. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). This principle applies even when the document is not expressly incorporated by reference in the complaint. *Chambers*, 282 F.3d at 153; *Cortec*, 949 F.2d at 48.

4. "It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998); *Kramer v. Time Warner, Inc.*, 937, F.2d 767, 774 (2d Cir. 1991).

5. Exhibit J is the Schriefers promissory note dated December 19, 2006 evidencing its assignment from National City Mortgage Co. to "Bank of America, N.A. without recourse."

6. Exhibit K is the Decree for Sale of the Schriefers property evidencing the court appointment of five individuals as "Trustees to make said sale."

Dated: Philadelphia, Pennsylvania
September 24, 2013

/s/ David H. Pittinsky
David H. Pittinsky

**EXHIBIT J**

# NOTE

C-10-151926

December 19 , 2006　　　　　　　　　　BALTIMORE　　　　　　　　　　MD
[Date]　　　　　　　　　　　　　　　　　　[City]　　　　　　　　　　　　　　[State]

8129 VENTNOR RD, PASADENA, Maryland 21122
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $    905,000.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
**FNMC a division of National City Bank**

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    6.625    %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the   1st   day of each month beginning on   February 1 , 2007   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   January 1, 2037   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at     National City Mortgage Co.
PO Box 533510, Atlanta, GA   30353-3510         or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $    5,794.82 .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**MULTISTATE FIXED RATE NOTE**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

Wolters Kluwer Financial Services
VMP®-5N (0207).01
Page 1 of 3　　　　Initials: BB

Form 3200 1/01



## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.00   % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)         _____ (Seal)
BENITA E SCHRIEFER              -Borrower                                       -Borrower

PAY TO THE ORDER OF
NATIONAL CITY MORTGAGE CO
A SUBSIDIARY OF NATIONAL CITY BANK
WITHOUT RECOURSE
THRU, A DIVISION OF                             (Seal)         _____ (Seal)
NATIONAL CITY BANK              -Borrower                                       -Borrower

MELINDA JORDAN
LOAN REVIEW ADMINISTRATOR

_____ (Seal)         _____ (Seal)
                                -Borrower                                       -Borrower

PAY TO THE ORDER OF
Bank of America, N.A.
WITHOUT RECOURSE
NATIONAL CITY MORTGAGE CO
A SUBSIDIARY OF NATIONAL CITY BANK  (Seal)     _____ (Seal)
                                -Borrower                                       -Borrower

MELINDA JORDAN
LOAN REVIEW ADMINISTRATOR                                                 [Sign Original Only]

VMP®-5N (0207).01                    Page 3 of 3                           Form 3200 1/01

# EXHIBIT K

| | |
|---|---|
| Bank of America, N.A. | IN THE |
| v. | CIRCUIT COURT |
| Benita E. Schriefer, et al. | FOR |
| Defendants | ANNE ARUNDEL COUNTY |
| | CASE NO. 02-C-10-151926 |

### DECREE FOR SALE OF 8129 VENTNOR ROAD PASADENA, MD 21122

Upon consideration of the Motion to Execute Decree for Sale Nunc Pro Tunc as of June 28, 2010, it is this __20th__ day of __May__, 2011 by the Circuit Court for Anne Arundel County:

ORDERED AND DECREED, effective as of June 28, 2010, that the subject property in these proceedings be sold at least 45 days after service of process is made pursuant to §7-105.1(e); and

IT IS FURTHER ORDERED AND DECREED that Thomas P. Dore, Mark S. Devan, Kristen K. Haskins, Gerard F. Miles, Jr. and Shannon E. Menapace be and they are hereby appointed as Trustees to make said sale. The act of one Trustee shall bind all of the Trustees. The course and manner of their proceedings shall be as follows:

1. That the Trustees shall file a bond in compliance with MD RULE 14-213 as set forth below:

> Before selling property subject to a lien, the individual authorized to make the sale shall file a bond to the State of Maryland conditioned upon compliance with any court order that may be entered in relation to the sale of the property or distribution of the proceeds

>of the sale. Unless the court orders otherwise, the amount of the bond shall be $25,000. If the property is sold to a person other than the holder of the indebtedness or a person designated by the holder in a writing filed in the proceeding to take title on the holder's behalf, the individual authorized to make the sale shall increase the amount of the bond, before the sale is ratified, to the amount of the sale price as set forth in the report of sale. On application by a person having an interest in the property or by the individual authorized to make the sale, the court may increase or decrease the amount of the bond pursuant to Rule 1-402 (d).

2. That the Trustees shall give Notice in compliance with MD RULE 14-210 as set forth below:

>(a) By Publication. Before selling property in an action to foreclose a lien, the individual authorized to make the sale shall publish notice of the time, place, and terms of the sale in a newspaper of general circulation in the county in which the action is pending. Notice of the sale of an interest in real property shall be published at least once a week for three successive weeks, the first publication to be not less than 15 days before the sale and the last publication to be not more than one week before the sale. Notice of the sale of personal property shall be published not less than five days nor more than 12 days before the sale.
>
>(b) By Certified and First-Class Mail. Before selling the property subject to the lien, the individual authorized to make the sale shall also send notice of the time, place, and terms of sale (1) by certified mail and by first-class mail to (A) the borrower, (B) the record owner of the property, and (C) the holder of any subordinate interest in the property subject to the lien and (2) by first-class mail to "All Occupants" at the address

of the property. The notice to "All occupants" shall be in the form and contain the information required by Code, Real Property Article, § 7-105.9 (c). Except for the notice to "All Occupants," the mailings shall be sent to the last known address of all such persons, including to the last address reasonably ascertainable from a document recorded, indexed, and available for public inspection 30 days before the date of the sale. The mailings shall be sent not more than 30 days and not less than ten days before the date of the sale.

(c) To Counties or Municipal Corporations. In addition to any other required notice, not less than 15 days before the sale, the individual authorized to make the sale shall send written notice to the county or municipal corporation where the property subject to the lien is located. The notice shall include the name, address, and telephone number of the individual authorized to make the sale and the time, place, and terms of sale.

(d) Holders of a Subordinate Interest. If the individual authorized to make the sale receives actual notice at any time before the sale that there is a person holding a subordinate interest in the property and if the interest holder's identity and address are reasonably ascertainable, the individual authorized to make the sale shall give notice of the time, place, and terms of sale to the interest holder as promptly as reasonably practicable. The notice may be given in any manner reasonably calculated to apprise the interest holder of the sale, including by telephone or electronic transmission. This notice need not be given to anyone to whom notice was sent pursuant to section (b) of this Rule.

(e) Affidavit of Notice by Mail. An individual who is required by this Rule to give notice by mail shall file an

> affidavit stating that (1) the individual has complied with the mailing provisions of this Rule or (2) the identity or address of the borrower, record owner, or holder of a subordinate interest is not reasonably ascertainable. If the affidavit states that an identity or address is not reasonably ascertainable, the affidavit shall state in detail the reasonable, good faith efforts that were made to ascertain the identity or address. If notice was given to the holder of a subordinate interest in the property, the affidavit shall state the date, manner, and content of the notice.

3. That the Trustees "shall send a written notice [Notice of Impending Foreclosure Sale] of the sale not earlier than 30 days and not later than 10 days before the date of sale addressed to "all occupants" at the address of the residential property " in substantial compliance with the form set forth in MD CODE, Real Property, §7-105.9.

_____
JUDGE

LAURA S. KIESSLING
CIRCUIT COURT FOR
ANNE ARUNDEL COUNTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X
JOHN ANCTIL, et al.,              :
                                  :
            Plaintiffs,           :   Case No. 12-cv-8572-CS
                                  :   Hon. Cathy Seibel
      v.                          :
                                  :
ALLY FINANCIAL, INC., et al.,     :   **CERTIFICATE OF SERVICE**
                                  :
            Defendants.           :
                                  :
---------------------------------X

      I hereby certify that, on September 24, 2013, I caused the foregoing Affidavit of David H. Pittinsky in Support of Defendant The PNC National Services Group, Inc.'s Motion to Dismiss the Second Amended Complaint to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

Dated: September 24, 2013
       New York, New York

                                     /s/ Julian W. Friedman
                                         Julian W. Friedman