UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN ANCTIL, et al., | ) |
| Plaintiffs, | ) Civil Action No. 12-CV-8572 |
| v. | ) Hon. Cathy Seibel |
| ALLY FINANCIAL, INC., et al., | ) |
| Defendants. | ) |

**DEFENDANTS MORTGAGEIT, INC. AND DEUTSCHE BANK, AG'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR INDIVIDUAL
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

DAY PITNEY LLP
7 Times Square
New York, NY 10036
T: 212-297-2466
F: 212-881-9042
*Attorneys for Defendants MortgageIT, Inc.
and Deutsche Bank, AG*

84926751.3

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT..........................................................................................................................2

    I.    Plaintiffs Fail To Support Their Allegations That The "Pre-foreclosure Defendants Are Liable" ...................................................................................................................2

    II.   Plaintiffs Do Not Satisfy The Burden Needed To Hold DB AG Liable ............................5

CONCLUSION.......................................................................................................................7

Defendants Deutsche Bank, AG ("DB AG") and MortgageIT, Inc. ("MortgageIT" and, together with DB AG, the "MortgageIT Defendants"), by and through their undersigned counsel, hereby submit this Reply Memorandum of Law in further support of their individual Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Amended Complaint" or "SAC"),[1] and in reply to Plaintiffs' Response to Defendants' Motions to Dismiss (the "Opposition").

## INTRODUCTION

In their individual Motion to Dismiss, the MortgageIT Defendants explained that Plaintiffs' claims against them fail because (1) the documentary evidence shows that MortgageIT acted only as the originator of two of the mortgage loans referred to in the Amended Complaint and had no role in the foreclosure of any of the mortgage loans described in the Amended Complaint, and (2) Plaintiffs do not allege any wrongdoing by DB AG and provide no basis for piercing the corporate veil in order to hold DB AG liable.  (Defendants MortgageIT, Inc. and Deutsche Bank, AG's Memorandum of Law in Support of Their Individual Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Individual Motion") (Docket No. 92) at 2-6.)

In their Opposition, Plaintiffs restate the allegations in their Amended Complaint, but provide no basis to refute the documentary evidence showing MortgageIT's lack of involvement in the foreclosure of the subject mortgage loans.  Plaintiffs also fail to provide any basis for liability against DB AG, instead merely restating the allegations in their Amended Complaint as to DBNTC, and attempting impermissibly to raise the same allegations as to MortgageIT.

Accordingly, the Court should dismiss the Amended Complaint as against the MortgageIT Defendants.

---

[1] The MortgageIT Defendants also adopt and incorporate by reference the reply arguments submitted by the defendants in connection with their reply to Plaintiffs' Opposition (as defined herein).  This individual Reply merely supports the arguments made in the MortgageIT Defendants' individual Motion to Dismiss (*see* Docket Nos. 90-92).

84926751.3

**ARGUMENT**

I.     **Plaintiffs Fail To Support Their Allegations That The "Pre-foreclosure Defendants Are Liable."**

In their Individual Motion, the MortgageIT Defendants set forth a number of reasons that Plaintiffs' claims against them should be dismissed. As argued, the claims are subject to dismissal because: (1) Plaintiffs' allegations relate exclusively to the foreclosure and enforcement of the subject loans and the publicly-recorded documentary evidence demonstrates that MortgageIT had no involvement with any foreclosure activities (Individual Motion at 2-3) and (2) with the exception of an unsupported allegation that the subject mortgage loans were "designed to be of short duration," the SAC includes no specific allegations relating to any origination-related activities for which the MortgageIT Defendants could be held responsible.

In their Opposition, Plaintiffs attempt to salvage their claims by arguing that (1) MortgageIT "generat[ed] mortgages that were designed to be brief"; (2) MortgageIT "was or is a member of MERS" and the Mortgage Bankers Association (the "MBA") which, respectively, are the "mechanism that enables defendants to implement their scheme" and the organization that "persuaded the FASB to make changes in financial accounting standards designed to further defendants' conduct"; and (3) MortgageIT was "involved in actions that typify the scheme," including (i) MortgageIT's assignment of the Lopes mortgage by an assignment of mortgage executed after the foreclosure complaint was filed (but effective before), and (ii) MortgageIT's assignment of the Lapidez mortgage one day before the subject foreclosure complaint was filed, which supposedly meant that "Wells Fargo could not have provided the requisite notice … or filed a proper affidavit" allegedly required by Chapter 244 of the Massachusetts General Laws. (Opp. at 13-15.)

As to their allegation that there is a viable cause of action against MortgageIT for making mortgages "designed to be brief," such an allegation is entirely unsupported. As an initial matter, Plaintiffs do not identify any cause of action they can possibly allege against a lender for making a mortgage "designed to be of short duration." (SAC ¶ 109.) There is no dispute here that the subject mortgage loans went into default as a result of the borrowers' failure to make payments on the loans. There is no allegation the default was due to **any** conduct by the MortgageIT Defendants. In fact, beyond the circumstantial and baseless assertion that the mortgages described in the Amended Complaint were "designed to be brief," Plaintiffs make no allegation of any conduct by MortgageIT to support the claim that the loans were made with the *intent* that they quickly go into default. (SAC ¶ 109.)

As described in the Individual Motion, conclusory allegations, such as those here, are clearly insufficient to meet the pleading requirements to sustain such a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (Individual Motion at 2.) Here, Plaintiffs fail to identify any conduct by MortgageIT that was wrongful; they do not allege that the borrowers were unqualified, that the loans had no benefit, or anything of the sort. They also fail to identify any facts supporting the assertion that MortgageIT had any incentive or reaped any benefit by making a loan that was allegedly of "short duration." Indeed, a loan going into default after three years, as opposed to a loan amortized and paid over a contractual thirty-year term, results in far less financial benefit to a lender, such as interest payments made on the loan. Importantly, the mortgages themselves do not provide for any potential enhanced recovery to the lender resulting from a foreclosure. (*See, e.g.,* Declaration of Michael A. Weiss dated June 20, 2013 and included with Defendants' Motion (the "Weiss Decl."), ¶¶ 3, 6, Exs. A, D.) Thus, Plaintiffs' arguments simply make no sense.

Further, Plaintiffs' allegation that the MortgageIT benefited from the loans going into default, and then foreclosure, within a few years of origination is wholly inconsistent with their allegations that MortgageIT and the other defendants "originat[ed] mortgages" and then quickly "s[old] the loans … to investors." (SAC ¶¶ 64, 67, 105.) Clearly, if the loans were in fact sold, MortgageIT would not be affected by the foreclosures, and would not reap a benefit from a loan going into foreclosure. As to Plaintiffs' allegation that MortgageIT is culpable through its alleged affiliation with MERS and the MBA, such a claim fails for the same reasons that it fails against the defendants in general – including the threshold issues of *res judicata*, the *Rooker-Feldman* doctrine, and Plaintiffs' inability to plead RICO or consumer fraud claims, as described in the defendants' Joint Motion to Dismiss.

Finally, Plaintiffs' allegations that the assignment of the Lopes and Lapidez mortgages from MERS to Wells Fargo Bank, N.A. ("Wells Fargo") were dated ten days after, and one day before, the respective foreclosure complaints were filed does not prove that MortgageIT was still the owner of either loan at the time the foreclosures were filed or when the requisite notices were sent. (Opp. at 14-15.) Rather, according to Plaintiffs' own allegations, originators such as MortgageIT engaged in "selling and transferring" the loans they made within the MERS system to other MERS members shortly after the loans were made. (SAC ¶¶ 64, 67, 105.) Importantly, Plaintiffs have not and cannot dispute that both the Lopes and Lapidez foreclosure complaints were filed by Wells Fargo, in Wells Fargo's own name, and still cannot identify any actual involvement of MortgageIT whatsoever in the foreclosure of such loans. (Weiss Decl. ¶ 4, Ex. B.) If Plaintiffs believe that Wells Fargo lacked standing to pursue foreclosure and/or did not comply with the provisions of Chapter 244 of the Massachusetts General Law, those allegations are properly directed at Wells Fargo, not at MortgageIT.

Accordingly, and as described in the MortgageIT Defendants' Individual Motion and the defendants' Joint Motion to Dismiss, Plaintiffs' claims against MortgageIT fail as a matter of law and should be dismissed.

## II.     Plaintiffs Do Not Satisfy The Burden Needed To Hold DB AG Liable.

In their Individual Motion, the MortgageIT Defendants established that Plaintiffs have failed to identify any wrongdoing or conduct by DB AG and, instead, merely allege that DBAG is liable because it is "the ultimate parent company of MortgageIT" and DBNTC.  As the MortgageIT Defendants argued, such an assertion falls far short of satisfying the heavy burden required to pierce the corporate veil of DB AG.  *See Société d'Assurance de l'Est SPRL v. Citigroup, Inc.*, No. 10-Civ-4754 , 2011 U.S. Dist. LEXIS 103375, at *13-15 (S.D.N.Y. Sept. 13, 2011); *McCloud v. Bettcher Indus., Inc.*, 935 N.Y.S.2d 815, 816 (App. Div. 4th Dep't 2011).

Plaintiffs' Opposition does not cure the deficiencies with their Amended Complaint.  In their Opposition, Plaintiffs argue that DBAG and DBNTC are "indistinguishable" based on allegations that the area code and first four digits of their telephone numbers are allegedly the same; "they *apparently* share offices;" and DBNTC is allegedly DBAG's contact for mortgage-backed securities, so, in other words, the parent and subsidiary companies may have business dealings.[2]  (*See* Opp'n at 16 (emphasis added).)  As the MortgageIT Defendants explained in their Individual Motion, these allegations cannot demonstrate that corporate formalities have been ignored, that MortgageIT or DBNTC was inadequately capitalized, that funds or property were intermingled, or any of the other facts that would support a finding that MortgageIT or

---

[2]     Plaintiffs did not assert these alleged contacts—or any specific contacts—as between DBAG and MortgageIT in the Amended Complaint (*see* SAC ¶ 194(b)), but do so in the Opposition for the first time.  (Opp. at 16.)  However, Plaintiffs are not permitted to add these new allegations relating to MortgageIT now.  *See O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").

-5-

DBNTC was a mere alter ego of DB AG.  *See Société d'Assurance de l'Est SPRL v. Citigroup, Inc.*, No. 10-Civ-4754 , 2011 U.S. Dist. LEXIS 103375, at *14-15 (S.D.N.Y. Sept. 13, 2011) (citing *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 511-12 (S.D.N.Y. 2005).[3]  (Individual Motion at 3-6.)

Accordingly, because Plaintiffs still fail to demonstrate the "extraordinary circumstances" necessary to disregard corporate form, Plaintiffs' claims against DB AG should be dismissed in their entirety and with prejudice.

---

[3] Plaintiffs' statements that DB AG has "not denied membership in MERS or the MBA" and that DB AG "submitt[ed] fraudulent income statements to the FDIC" similarly fail to state a claim and are addressed in the defendants' joint reply in support of their Joint Motion to Dismiss. (Opp. at 16.)

## **CONCLUSION**

For these reasons, and for the reasons set forth in the MortgageIT Defendants' Individual Motion and in the defendants' Joint Motion to Dismiss, the MortgageIT Defendants respectfully request that the Court grant their Motion to Dismiss all claims in the Amended Complaint with prejudice.

Dated: September 26, 2013            Respectfully submitted,

                                                      /s/ Joy Harmon Sperling
Joy Harmon Sperling (JS-2005)
jsperling@daypitney.com
Michael A. Weiss (MW-5758)
mweiss@daypitney.com

Day Pitney LLP
7 Times Square
New York, New York 10036
Phone: (212) 297-2466
Facsimile: (212) 881-9042

*Attorneys for Defendants MortgageIT, Inc. and Deutsche Bank, AG*

-8-

## **CERTIFICATE OF SERVICE**

    I, Joy Harmon Sperling, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on September 26, 2013.

                                              /s/ Joy Harmon Sperling
                                              Joy Harmon Sperling