UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
:
JOHN ANCTIL, et al.,                                        :
                                                            :   Civil Action No. 7:12-cv-08572-CS
                    Plaintiffs,                             :
                                                            :
        -against-                                           :   **REPLY MEMORANDUM IN**
                                                            :   **SUPPORT OF OCWEN FINANCIAL**
ALLY FINANCIAL, INC., et al.,                               :   **CORPORATION'S MOTION TO**
                                                            :   **DISMISS**
                    Defendants.                             :
                                                            :
                                                            :
----------------------------------------------------------x


                                          R. Bruce Allensworth, *pro hac vice*
                                              bruce.allensworth@klgates.com
                                          Brian M. Forbes, *pro hac vice*
                                              brian.m.forbes@klgates.com
                                          Robert W. Sparkes, III, *pro hac vice*
                                              robert.sparkes@klgates.com
                                          K&L GATES LLP
                                          State Street Financial Center
                                          One Lincoln Street
                                          Boston, MA 02111
                                          Phone: (617) 261-3100
                                          Fax: (617) 261-3175

                                          David S. Versfelt (DV 8935)
                                              david.versfelt@klgates.com
                                          K&L GATES LLP
                                          599 Lexington Avenue
                                          New York, NY 10022
                                          Tel.: 212.536.3900
                                          Fax: 212.308.6661

                                          *Attorneys for Defendant Ocwen Financial*
                                          *Corporation*

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT .......................................................................................................... 2

    A. Plaintiffs' Claims Against Ocwen Financial Should Be Dismissed Based On Plaintiffs' Voluntary Dismissal And Waiver Of All Claims ................................... 2

    B. The Court Should Deny Plaintiffs' Request to Amend The Second Amended Complaint to Add Ocwen Loan Servicing, LLC as a Defendant ........................... 4

        1. Plaintiffs' Request to Amend the Second Amended Complaint Violates the Court's Prior Instructions ........................................................... 4

        2. Plaintiffs' Request to Amend is Procedurally Improper .............................. 6

        3. The Court Should Reject Plaintiffs' Request to Amend Because Their Proposed Amendment is Futile ................................................................... 6

            a. Plaintiffs Lack Standing To Assert Claims Against Ocwen Loan Servicing, LLC ....................................................................... 7

            b. Plaintiffs' Complaint Fails To Allege A Plausible Claim For Relief Against Ocwen Loan And Thus Should Be Dismissed Per Rule 12(b)(6) ............................................................................... 7

            c. The Claims of Plaintiffs Zicaro and Barbosa are Time-Barred ....... 9

III. CONCLUSION ..................................................................................................... 10

**TABLE OF AUTHORITIES**

Page

**Federal Cases**

*Abraham v. American Home Mortgage Servicing, Inc.*,
    2013 WL 2285205 (E.D.N.Y. May 23, 2013)..............................................................6, 8, 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................................8

*Bankruptcy Trust of Gerard Sillam v. Refco Group, LLC*,
    2005 WL 2129786 (S.D.N.Y. July 28, 2006)....................................................................3, 6

*Conlin v. Maidenbaum*,
    2013 WL 4083279 (S.D.N.Y. Aug. 13, 2013)..................................................................9, 10

*DeLuca v. SmithKline Beecham Corporation*,
    2007 WL 541656 (S.D.N.Y. Feb. 20, 2007).........................................................................6

*Gordon v. Lemons*,
    644 F. Supp. 2d 322 (S.D.N.Y. 2009)...................................................................................3

*Guzman v. Macy's Retail Holdings, Inc.*,
    2010 WL 1222044 (S.D.N.Y. Mar. 29, 2010).......................................................................3

*In re Bennett Funding Group, Inc.*,
    367 B.R. 302 (Bankr. N.D.N.Y. 2007)..................................................................................5

*In re Lehman Brothers Mortgage-Backed Securities Litigation*,
    650 F.3d 167 (2d Cir. 2011).................................................................................................6

*James v. Countrywide Financial Corporation*,
    2013 WL 249459 (E.D.N.Y. Jan. 23, 2013)..........................................................................5

*Jordan v. Federal Bureau of Prisons*,
    2013 WL 1143617 (S.D.N.Y. Mar. 19, 2013).......................................................................3

*Kalie v. Bank of America Corporation*,
    2013 WL 4044951 (S.D.N.Y. Aug. 9, 2013).....................................................................3, 8

*King v. Wells Fargo Home Mortgage*,
    2013 WL 1196664 (D. Mass. Mar. 25, 2013).......................................................................8

*Lundy v. Catholic Health System of Long Island Inc.*,
     711 F.3d 106 (2d Cir. 2013)..................................................................................................8

*Murphy v. Flagstar Bank, FSB*,
     2011 WL 4566139 (N.D.N.Y. Sept. 29, 2011)....................................................................10

*Onwumbiko v. JP Morgan Chase Bank, N.A.*,
     2012 WL 6019497 (D. Md. Nov. 30, 2012)..........................................................................8

*Tamir v. Bank of New York Mellon*,
     2013 WL 4522926 (E.D.N.Y. Aug. 27, 2013).......................................................................6

*Williams v. Mirabal*,
     2013 WL 174187 (S.D.N.Y. Jan. 16, 2013)..........................................................................3

## **Federal Statutes**

Racketeer Influenced and Corrupt Organization Act,
     18 U.S.C. § 1962, *et seq.*..............................................................................................4, 8, 9

## **State Statutes**

Maryland Consumer Protection Act,
     Md. Code Ann., Com. Law § 13-303....................................................................................8

## **Federal Rules**

Federal Rules of Civil Procedure,
     Rule 8(a)................................................................................................................................9

Federal Rules of Civil Procedure,
     Rule 9(b)............................................................................................................................8, 9

Federal Rules of Civil Procedure,
     Rule 12..............................................................................................................................2, 7

I.      **INTRODUCTION**

Defendant Ocwen Financial Corporation ("Ocwen Financial") respectfully submits the following Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Second Amended Complaint and requests that the Court dismiss it from the above-captioned matter.[1]

In their Response to Defendants' Motions to Dismiss ("Response"), Plaintiffs do not directly address the arguments made by Ocwen Financial in its Memorandum of Law in Support of its Motion to Dismiss ("Memorandum") (Dkt. No. 99).  Instead, Plaintiffs incorrectly claim that Ocwen Financial's arguments are "obviated" and do not need to be addressed because three of the plaintiffs – Gisele Barbosa, George Branch, and Matthew Zicaro – purport to seek leave to amend their Complaint to dismiss Ocwen Financial and substitute its subsidiary, Ocwen Loan Servicing, LLC ("Ocwen Loan"), in its place.  *See* Response at 36-38.  Plaintiffs' argument is simply wrong, and their strategic decision to ignore Ocwen Financial's arguments is fatal. Moreover, Plaintiffs' claims – as alleged in either the Second Amended Complaint ("SAC") or in the substantively identical proposed Third Amended Complaint ("TAC") – fail regardless of whether they are pled against Ocwen Financial or Ocwen Loan.

The Court should dismiss Plaintiffs' claims against Ocwen Financial and deny Plaintiffs' informal request to amend the SAC for the following reasons:

First, Plaintiffs recognize in their Response that Ocwen Financial is improperly named as a defendant and by way of their opposition brief and proposed TAC seek to voluntarily dismiss all claims against Ocwen Financial.  Even ignoring Plaintiffs' acknowledged failure to plead

---

[1] Ocwen Financial has also joined in Defendants' Joint Motion to Dismiss Plaintiffs' Second Amended Complaint and incorporates by reference all arguments set forth in Defendants' Memorandum of Law in Support of the Joint Motion to Dismiss ("Joint Memo.") (Dkt. No. 99) and in Defendants' Joint Reply Memorandum ("Joint Reply"), which arguments further support dismissal of Ocwen Financial.

- 1 -

plausible claims against Ocwen Financial, Plaintiffs have failed to address or oppose the arguments set forth in Ocwen Financial's Memorandum, which arguments – lack of personal jurisdiction, standing, and failure to state a claim under Rule 12(b)(6) – are dispositive of Plaintiffs' claims.

Second, Plaintiffs' request for leave to file their proposed TAC should be denied because: (1) Plaintiffs' request is in direct violation of the Court's prior instruction that the SAC was Plaintiffs' "last best shot" and that "there won't be any amendment afterwards;" (2) Plaintiffs have not filed a formal motion to amend or a pre-motion conference letter and, thus, their request is procedurally improper; and (3) Plaintiffs' proposed amendment – substituting Ocwen Loan for Ocwen Financial – is futile as Plaintiffs' proposed claims against Ocwen Loan fail for the same reasons that the identical claims fail against Ocwen Financial.  As such, the Court should reject Plaintiffs' request for leave to file a fourth complaint in this action.

## II.  ARGUMENT

### A.  Plaintiffs' Claims Against Ocwen Financial Should Be Dismissed Based On Plaintiffs' Voluntary Dismissal And Waiver Of All Claims

Plaintiffs assert five separate claims against Ocwen Financial in the SAC.  *See* SAC ¶¶ 197-214, 337-370.  Each of the claims against Ocwen Financial is ripe for dismissal.

First, in their Response, Plaintiffs recognize that Ocwen Financial is not a proper defendant and that their claims against Ocwen Financial were misplaced.  *See* Response at 36-38. As a result, Plaintiffs voluntarily seek to dismiss and abandon all claims against Ocwen Financial.  *See id.* (seeking leave to "correct[ ]" improper naming of Ocwen Financial); *see also* TAC at ¶ 54 (naming Ocwen Loan and removing Ocwen Financial as a defendant).  Irrespective of the merits of Plaintiffs' request to amend (which should be rejected, *see* Section II.B, *infra*), the import of Plaintiffs' Response is clear – they seek to voluntarily dismiss Ocwen Financial

from this action.  *See* Response at 36-38.  Based on Plaintiffs' own admission of error and notice of dismissal, the Court should dismiss all claims against Ocwen Financial.  *See Kalie v. Bank of Am. Corp.*, 2013 WL 4044951, at *2 & n.2 (S.D.N.Y. Aug. 9, 2013) (recognizing plaintiffs' *sua sponte* dismissal of claims against all but two defendants as set forth in opposition to motion to dismiss); *Bankr. Trust of Gerard Sillam v. Refco Group, LLC*, 2005 WL 2129786, at *4 (S.D.N.Y. July 28, 2006) (dismissing claims where plaintiffs effectively "concede[d]" and "consent[ed]" to dismissal in seeking leave to amend).

Second, even if Plaintiffs' somewhat vague Response is interpreted as now seeking to pursue claims against both Ocwen Financial and Ocwen Loan, Plaintiffs did not directly address or oppose the arguments made by Ocwen Financial in its Memorandum, which alone supports dismissal.  In its Memorandum, Ocwen Financial raised several grounds for dismissal, including lack of personal jurisdiction, lack of standing, and failure to state a plausible claim for relief.  Plaintiffs did not present any direct opposition to these arguments and, in fact, expressly disclaim any intention to respond.  *See* Response at 36.  Plaintiffs have therefore waived and abandoned any opposition to Ocwen Financial's motion and, for this reason, the Court should dismiss all claims alleged against Ocwen Financial.  *See Jordan v. Fed. Bureau of Prisons*, 2013 WL 1143617, at *7 (S.D.N.Y. Mar. 19, 2013) (dismissing claims as waived based on failure of plaintiff "to address his basis for standing in his opposition brief").[2]

---

[2]  *See also Williams v. Mirabal*, 2013 WL 174187, at *2 (S.D.N.Y. Jan. 16, 2013) ("A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); *Guzman v. Macy's Retail Holdings, Inc.*, 2010 WL 1222044, at *8 (S.D.N.Y. Mar. 29, 2010) (because plaintiff did not address argument in opposition to motion to dismiss, plaintiff "has waived th[e] claim"); *Gordon v. Lemons*, 644 F. Supp. 2d 322, 333 (S.D.N.Y. 2009).

Finally, even assuming that Plaintiffs had not voluntarily dismissed or waived their claims against Ocwen Financial, Plaintiffs' claims fail for the reasons set forth in Ocwen Financial's Memorandum and Defendants' Joint Memo. and Joint Reply.

### B. The Court Should Deny Plaintiffs' Request to Amend The Second Amended Complaint to Add Ocwen Loan Servicing, LLC as a Defendant

Plaintiffs Gisele Barbosa, George Branch, and Matthew Zicaro – the only three plaintiffs alleged to have any connection to Ocwen Financial (or Ocwen Loan) – purport to "cross-move" to amend the SAC through their Response. *See* Response at 36. Specifically, Plaintiffs seek leave to file a TAC that substitutes Ocwen Loan in place of Ocwen Financial. *See id.* at 36-38. Plaintiffs' request to amend is procedurally and substantively without merit and should be denied.

#### 1. Plaintiffs' Request to Amend the Second Amended Complaint Violates the Court's Prior Instructions

On February 20, 2013, the Court held a pre-motion conference to address the letter requests of several of the defendants for permission to file motions to dismiss Plaintiffs' First Amended Complaint. *See* Transcript of February 20, 2013 Pre-Motion Conference ("Transcript") at 7 (Exhibit A to the Declaration of Brian M. Forbes, filed herewith). During the conference, the Court noted that defendants' arguments were "well-taken," particularly as to Plaintiffs' RICO claims. *Id.* at 7-8 ("I think under Rule 9(b) the mail and wire frauds have to be pleaded with more particularity" and "it may be that . . . you decide that you do have Statute of Limitations problems on particular Defendants or you do have insufficient evidence on a particular Defendant."). The Court, as a result, expressly provided Plaintiffs with one last opportunity to amend their complaint "to the extent you can." *Id.* at 7.

Specifically, the Court instructed Plaintiffs that:

- 4 -

> I don't want to have 15 motions to dismiss and grant them but give you leave to amend. Since the issues are on the table, I would like you to amend first on the understanding [that] <u>this is your last best shot</u>, and <u>then there won't be any amendment afterwards</u>.

*Id.* (emphasis added). The Court's instructions were clear and unequivocal; Plaintiffs' SAC was their "last best shot" to state their claims. *Id.*

Plaintiffs made a tactical decision in the SAC to name Ocwen Financial and not Ocwen Loan. Plaintiffs should not be relieved of the consequences of their own strategic decision-making simply because they now recognize the futility of their claims against Ocwen Financial. Plaintiffs' failure to sufficiently plead a plausible claim against Ocwen Financial in the SAC does not warrant yet another opportunity for Plaintiffs to amend to add a new defendant for the first time in their <u>fourth</u> complaint. In light of the Court's prior order, the Court should reject Plaintiffs' request to further amend their claims. *See James v. Countrywide Fin. Corp.*, 2013 WL 249459, at *5 (E.D.N.Y. Jan. 23, 2013) (denying motion to amend with prejudice based on Court's prior instruction that Plaintiff "would be afforded one opportunity cure the deficiencies" in his amended complaint); *In re Bennett Funding Group, Inc.*, 367 B.R. 302, 322 n.27 (Bankr. N.D.N.Y. 2007) ("pleading is not an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges" (internal quotation marks omitted)).[3]

---

[3] Plaintiffs cannot circumvent the Court's prior order based on their assertion that the bases for Ocwen Financial's motion were "not addressed in the pre-motion letters." Response at 38. Contrary to Plaintiffs' contention, Ocwen Financial was named in the First Amended Complaint, which was filed on January 28, 2013, before the February 20 pre-motion conference. *See* First Amended Complaint at ¶ 52 (Dkt. No. 32). While Ocwen Financial did not appear until after the conference, Ocwen Financial's Memorandum raises issues directed to the insufficiency of the pleadings, including the Court's lack of personal jurisdiction, the Plaintiffs' lack of standing, and the failure to plead a plausible claim for relief. *See* Memorandum at 3-15. These largely pleading-based arguments were discussed or at least suggested by other defendants in their pre-motion letters and Plaintiffs cannot claim surprise or undue prejudice that these arguments were raised by Ocwen Financial. *See* Pre-Motion Letters at Dkt. Nos. 23-31, 38, 42, 56-57, 64.

### 2. Plaintiffs' Request to Amend is Procedurally Improper

Plaintiffs' purported "cross-motion" for leave to amend the SAC to add Ocwen Loan is set forth solely in their Response to Defendants' Motions to Dismiss.  *See* Response at 36-38. Plaintiffs have not filed a motion for leave to amend or a pre-motion letter request as required by Rule 2(A) of the Court's Individual Practice Rules.  As courts in this district have found, "'[t]he fact that plaintiffs' request to amend was made informally in response to defendants' motions to dismiss is by itself ground for denying the request.'"  *DeLuca v. SmithKline Beecham Corp.*, 2007 WL 541656, at *3 n.6 (S.D.N.Y. Feb. 20, 2007) (quoting *Bankr. Trust of Gerard Sillam*, 2006 WL 2129786, at *4-5); *see also In re Lehman Bros. Mortgage-Backed Secs. Litig.*, 650 F.3d 167, 188 (2d Cir. 2011) ("[i]t is within the . . . court's discretion to deny leave to amend implicitly by not addressing requests for amendment made informally in a brief filed in opposition to a motion to dismiss" (internal quotation marks omitted)).  The Court should thus deny Plaintiffs' "informal" request for leave to amend.

### 3. The Court Should Reject Plaintiffs' Request to Amend Because their Proposed Amendment is Futile

Plaintiffs' informal request for leave to amend to replace Ocwen Financial with Ocwen Loan in the TAC does not cure, or even address, the fatal pleading deficiencies in the SAC or the proposed TAC.  *See* Memorandum at 10-15.  As such, Plaintiffs' proposed amendment is futile and should be rejected.  *See Tamir v. Bank of New York Mellon*, 2013 WL 4522926, at *6 (E.D.N.Y. Aug. 27, 2013) (leave to amend should be denied where amendment cannot withstand a Rule 12(b)(6) motion to dismiss and is thus futile); *See Abraham v. Am. Home Mortg. Servicing, Inc.*, 2013 WL 2285205, at *13-14 (E.D.N.Y. May 23, 2013).

### a. Plaintiffs Lack Standing To Assert Claims Against Ocwen Loan Servicing, LLC

The allegations directed at Ocwen Loan in the proposed TAC do not satisfy the constitutional minimum requirements of Article III standing. *See* Memorandum at 10-12. Plaintiffs' TAC, in fact, lacks even a single allegation suggesting that any one plaintiff suffered an actual and concrete injury-in-fact that is fairly traceable to a specific action or omission by Ocwen Loan. Indeed, other than vaguely alleging Ocwen Loan's "involvement" in certain "foreclosure proceedings," the TAC makes no mention of any specific conduct of Ocwen Loan, let alone conduct directed to any one of the Plaintiffs or their loans. As such, Plaintiffs' proposed TAC fails to satisfy fundamental requirements of constitutional standing and, for this reason, should be rejected as futile.

### b. Plaintiffs' Complaint Fails To Allege A Plausible Claim For Relief Against Ocwen Loan

For the same reasons set forth in Ocwen Financial's Memorandum, Plaintiffs' proposed TAC lacks sufficient allegations to state a plausible claim for relief against Ocwen Loan and is thus subject to dismissal under Rule 12(b)(6). *See* Memorandum at 12-15; *see also* Joint Memo. at 22-49; Joint Reply at 13-20.

The only specific allegations directed to Ocwen Loan in the TAC state that Ocwen Loan was "involved in a mortgage or foreclosure proceeding[ ]" related to three of the thirty-five named plaintiffs – Zicaro, Barbosa, and Branch – as the alleged successor to other entities.[4] TAC ¶ 54 & p. 46. With respect to plaintiffs Barbosa and Branch, the TAC lacks any further

---

[4] The allegations that Ocwen Financial, or its subsidiary Ocwen Loan, purchased or is the successor to HomeEq Servicing and/or Saxon Mortgage Services, Inc. (*see* TAC at ¶¶ 54 & p. 46) are factually incorrect. *See* Declaration of Rashad Blanchard ("Blanchard Decl.") at ¶ 13 (Dkt. No. 100). And moreover, these allegations alone do not support liability against Ocwen Financial or Ocwen Loan. *See infra*.

allegations of what specific involvement Ocwen Loan is alleged to have had in the "mortgage[s]" or "foreclosure proceedings" of those plaintiffs and it does not identify any one specific action taken, representation or omission made, or other conduct by Ocwen Loan with respect to either plaintiff or his or her loan.[5]  Such bald, conclusory allegations are insufficient to satisfy the pleading requirements of Rules 8(a) and 12(b)(6).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Kalie*, 2013 WL 4044951, at *7 ("Without any . . . allegations as to [plaintiff's] loan specifically, the Amended Complaint does not plead a sufficient factual basis" to state a plausible claim for relief).  Nor do they satisfy the heightened pleading requirements of Rule 9(b), which govern plaintiffs' RICO claims,[6] Massachusetts and Maryland common law fraud claims,[7] and Branch's claim under the Maryland Consumer Protection Act.[8]  *See Abraham*, 2013 WL 2285205, at *9-10 (dismissing loan-based fraud claims for failure to satisfy Rule 9(b)).

While the TAC sets out certain allegations regarding the foreclosure of the mortgage loan of plaintiff Zicaro, Ocwen Loan is not alleged to have had any involvement in or taken any action with respect to the alleged foreclosure.  *See* TAC ¶¶ 121-134.  The TAC, in fact, alleges that entities other than Ocwen Loan conducted the foreclosure.  *See id.*  Ocwen Loan is alleged only to have "purchased" HomeEq Servicing Corporation in 2010, several years after the foreclosure.  *See id.* ¶ 124.  While factually incorrect, the conclusory allegation of Ocwen Loan's

---

[5]   Plaintiffs' vague references to the mailing or transmittal of unidentified "data or documents" with respect to the Branch loan (*see* TAC, p. 46) are unadorned, conclusory statements that do not satisfy even the basic federal pleading standards and should be disregarded.  *See Iqbal*, 556 U.S. at 678-79.

[6]   *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (RICO claim subject to heightened pleading standard of Rule 9(b)).

[7]   *See Onwumbiko v. JP Morgan Chase Bank, N.A.*, 2012 WL 6019497, at *3-4 (D. Md. Nov. 30, 2012) (MCPA claims and Maryland common law fraud claims subject to Rule 9(b) pleading standard); *King v. Wells Fargo Home Mortgage*, 2013 WL 1196664, at *2 (D. Mass. Mar. 25, 2013) (fraud claims failed to satisfy Rule 9(b) pleading standard).

[8]   *See Onwumbiko*, 2012 WL 6019497, at *3-4 (MCPA claims subject to Rule 9(b)).

purchase of HomeEq, even if taken as true, does not support claims against Ocwen Loan arising from a foreclosure in which it is not alleged to have been involved.  *See id.* ¶¶ 121-134.  Plaintiffs' unadorned allegations do not satisfy either the Rule 8(a) standard or the Rule 9(b) heightened pleading standard applicable to Zicaro's RICO and common law fraud claims.  *See* Notes 6 & 7, *supra*; *see also Abraham*, 2013 WL 2285205, at *9-10.

In short, Plaintiffs' TAC does not allege <u>any</u> facts specific to <u>any</u> conduct or activity of Ocwen Loan as to any of the named plaintiffs or their loans.  For this reason, Plaintiffs' proposed claims against Ocwen Loan necessarily fail and amendment is futile.

### c.  The Claims of Plaintiffs Zicaro and Barbosa are Time-Barred

As set forth in Ocwen Financial's Memorandum, the claims of Plaintiffs Zicaro and Barbosa are time-barred.  *See* Memorandum at 14-15.  Plaintiffs do not directly address this argument except to assert, in conclusory fashion, that the various statutes of limitation applicable to all of the claims alleged by each of the 35 Plaintiffs should be tolled because the collective Defendants have "fraudulently concealed" Plaintiffs' claims.  Yet, neither Plaintiffs' TAC nor their Response set forth, or even suggest, any specific and particular action taken or committed by Ocwen Loan in furtherance of any such fraud.  Plaintiffs' failure to allege such facts with any specificity or particularity is fatal.  *See Conlin v. Maidenbaum*, 2013 WL 4083279, at *5, 7-8 (S.D.N.Y. Aug. 13, 2013) ("Failure . . . to plead facts to suggest that the defendants sought to conceal [alleged] violations or the existence of a cause of action . . . from the plaintiff, and a failure . . . to plead any facts that he conducted efforts to discover whether the defendants' action violated the FDCPA deprive the plaintiff of any basis for taking advantage of equitable tolling.").

Plaintiffs' alleged injuries, moreover, arise from alleged wrongful foreclosures initiated against their properties.  Foreclosure is an inherently public event, is documented and recorded in the public land records, and results in a borrower losing his or her home.  Plaintiffs, therefore,

cannot plausibly deny that they had, or reasonably should have had, knowledge of the alleged wrongful foreclosure and the alleged injuries resulting therefrom at or about the time of the foreclosures in issue. *See id.* at *5 (tolling applies only "where a plaintiff has been prevented in some extraordinary way from exercising his rights . . . [,] a situation where a plaintiff could show that it would have been *impossible* for a reasonably prudent person to learn about his or her cause of action" (internal citations and quotations omitted)); *Murphy v. Flagstar Bank, FSB*, 2011 WL 4566139, at *2 (N.D.N.Y. Sept. 29, 2011) (filing of foreclosure action "presumably put Plaintiff on notice and afforded him an opportunity to ascertain whether Defendant's statements were misleading").

## III.   CONCLUSION

For the foregoing reasons, Ocwen Financial respectfully requests that the Court (1) grant Ocwen Financial's Motion to Dismiss; (2) dismiss the Second Amended Complaint against Ocwen Financial in its entirety and with prejudice; (3) deny Plaintiffs' procedurally improper request to further amend the Second Amended Complaint and to add Ocwen Loan as a party; (4) dismiss Ocwen Financial from this action; and (5) grant such other relief as the Court deems just and necessary.

Respectfully submitted,

OCWEN FINANCIAL CORPORATION,

By its attorneys,


*/s/ Brian M. Forbes*
R. Bruce Allensworth (*pro hac vice*)
Brian M. Forbes (*pro hac vice)*
Robert W. Sparkes, III (*pro hac vice)*
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel:  (617) 261-3100
Fax:  (617) 261-3175
E-mail: bruce.allensworth@klgates.com
E-mail: brian.m.forbes@klgates.com
E-mail: robert.sparkes@klgates.com

David S. Versfelt (DV 8935)
K&L GATES LLP
599 Lexington Avenue, 34th Floor
New York, NY 10022
Tel:  (212) 536-3900
Fax: (212) 536-3901
E-mail: david.versfelt@klgates.com

*Counsel for Defendant
Ocwen Financial Corporation*

Dated: September 26, 2013

- 12 -

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system, if any, on September 26, 2013.

                                            */s/ Brian M. Forbes*
                                            Brian M. Forbes