UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
JOHN ANCTIL, *et al.*,

        Plaintiffs,

-against-

ALLY FINANCIAL, INC., *et al.*,

        Defendants.

------------------------------------------------------- X

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

ECF Case

Civil Action No. 7:12-cv-08572 (CS)

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Deutsche Bank National Trust Company, solely in its capacity as trustee for certain residential mortgage-backed securitization ("RMBS") trusts ("DBNTC"), respectfully submits this Supplemental Reply Memorandum of Law in Further Support of Defendants' Joint Motion to Dismiss ("Joint Motion") Plaintiffs' Second Amended Complaint ("SAC").

## INTRODUCTION

Not only does Plaintiffs' Response to the Joint Motion ("Opposition") offer nothing to save their claims from dismissal as to all Defendants, it fails entirely to address,[1] much less refute, the grounds for dismissal of their claims against DBNTC specifically, which are set forth in DBNTC's Supplemental Memorandum of Law in Further Support of Defendants' Joint Motion (the "Supplemental Memorandum"). What is more, the Opposition provides additional reasons why Plaintiffs' theory of liability is implausible as to DBNTC.

---

[1] Although the Opposition contains a section entitled "Response to Defendants' Supplemental Motions" with a subsection entitled "DBNTC," that subsection attempts to respond only to Ocwen Financial Corporation's, rather than DBNTC's, Supplemental Memorandum. (*See* Opp'n at 36-38.)

**ARGUMENT**

I. **PLAINTIFFS' OPPOSITION CONFIRMS THAT THEIR THEORY OF LIABILITY IS NOT PLAUSIBLE AS TO DBNTC.**

DBNTC explained in its Supplemental Memorandum, and Plaintiffs do not dispute, that the SAC links DBNTC to only two of the twenty-eight loans at issue—the loans of (i) Martin and Janice Hogan and (ii) Mary Jones (the "Loans"). (*See* Supp. Mem. at 1-2; SAC ¶ 48.) The Opposition makes clear that even as to the Loans, Plaintiffs cannot state a claim against DBNTC.

In their Opposition, Plaintiffs clarify that their theory of liability against all Defendants is that "Defendants created a scheme to profit from originating mortgages that were designed to fail quickly, and from accelerating foreclosure proceedings after payment default." (Opp'n at 1; *accord id.* 2 ("Defendants' scheme to improperly accelerate foreclosure proceedings and fraudulently procure foreclosure judgments centers around flawed or invalid mortgage assignments.").) This clarification is fatal to Plaintiffs' claims against DBNTC because Plaintiffs do not allege in the SAC that DBNTC: (i) originated or serviced the Loans, (ii) initiated or managed their foreclosures, or (iii) stood to benefit financially from the origination of mortgages or acceleration of foreclosure proceedings. Plaintiffs' failure to plead otherwise, while understandable given that DBNTC's ***only*** connection to the Loans was in its capacity as trustee for the RMBS trusts that held legal title to the Loans for the benefit of certificate holders, renders any possible claim against DBNTC wholly inconsistent with Plaintiffs' theory of liability. (*See* Supp. Mem. at 2.) Plaintiffs do not—and could not—explain ***how*** DBNTC as an RMBS trustee could plausibly be liable under this theory, or how it could possibly have profited from the alleged scheme. Thus, Plaintiffs have failed to state a claim against DBNTC.

II. **PLAINTIFFS LACK STANDING TO ASSERT CLAIMS AGAINST DBNTC IN ANY CAPACITY OTHER THAN ITS TRUSTEE CAPACITY.**

As DBNTC explained in its Supplemental Memorandum, even if Plaintiffs could state a

plausible claim against DBNTC (they cannot), they *only* could have standing to assert claims against it solely in its capacity as trustee of the RMBS trusts that held Plaintiffs' loans. (*See* Supp. Mem. at 3-4.) To the extent that Plaintiffs have asserted claims against DBNTC in any other capacity, including its legally distinct individual capacity, they fail because Plaintiffs have not alleged any actionable conduct by, and cannot plausibly allege any injury fairly traceable to, DBNTC in any other capacity. (*Id.*) Plaintiffs do not even address, much less refute, this argument. Thus, they concede that to the extent that they have any claims at all against DBNTC, they only have standing to assert them against DBNTC in its capacity as trustee of the RMBS trusts that held Plaintiffs' loans. *See U.S. S.E.C. v. Syron*, 11 CIV. 9201 RJS, 2013 WL 1285572, at *19 (S.D.N.Y. Mar. 28, 2013) (failure to address argument in opposition to motion to dismiss effectively conceded it); *In re UBS AG Sec. Litig.*, 07 CIV. 11225 RJS, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (a plaintiff who does not respond to a point raised by a defendant on a motion to dismiss "concedes" that point "through silence.").

## CONCLUSION

For the foregoing reasons and those reasons set forth in the Supplemental Memorandum and Joint Motion, Plaintiffs' claims should be dismissed ***with prejudice*** as to DBNTC.

Dated: New York, New York
September 26, 2013

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Michael S. Kraut
Michael S. Kraut (MK-4469)
Laya R. Kaigh (LS2779)
101 Park Avenue
New York, NY 10178-0060
212.309.6000
212.309.6001
mkraut@morganlewis.com
lkaigh@morganlewis.com

*Attorneys for Defendant Deutsche Bank National Trust Company*

-4-

## CERTIFICATE OF SERVICE

I, Michael S. Kraut, hereby certify that a copy of the foregoing documents, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on September 26, 2013.

*/s/ Michael S. Kraut*